■ MATTLAGE SALES, INC., et al., Respondents, v. HOWARD JOHNSON'S WHOLESALE DIVISION, INC., et al., Appellants.— In an action to recover commissions allegedly due on the sale of certain food products, defendants appeal from a judgment of the Supreme Court, Nassau County, entered October 29, 1971, in favor of plaintiffs, upon a decision granting plaintiffs' motion for summary judgment. Judgment reversed, on the law, with $10 costs and disbursements, and motion denied. Plaintiffs were retained by defendants as food brokers pursuant to an oral agreement which was later confirmed by a written agreement. The agreement, which was revocable by defendants, was terminated by them effective October 2, 1970. This suit seeks to recover certain unpaid commissions. The parties are in dispute as to whether the percentage of commissions payable to plaintiffs was reduced in 1969 by oral agreement. Special Term was of the view that introduction of proof of an oral modification of the written agreement would be violative of the parol evidence rule and, consequently, that the assertion of such a modification could not serve to defeat the motion. In our opinion, however, the parol evidence rule is not violated if a purported oral modification of a written

agreement is executed rather than executory and is supported by consideration (cf. *Velveray Corp.* v. *Jolo Plastics Corp.*, 19 A D 2d 69). Here, defendants' alleged forbearance of their right to revoke the contract supplies such consideration (see *Radist* v. *Zidel*, 12 A D 2d 648). Hence, the motion for summary judgment should have been denied. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.