## (January 28, 1981)

█ YORKTOWN SQUARE ASSOCIATES, Respondent, v UNION DIME SAVINGS BANK, Appellant. — In an action for specific performance of a contract to sell real property, defendant appeals from an order of the Supreme Court, Westchester County, entered September 26, 1980, which denied its motion, *inter alia,* to dismiss the complaint as barred by the Statute of Frauds, without prejudice to renewal following completion of expedited pretrial discovery proceedings. Order reversed, on the law, with $50 costs and disbursements, defendant's motion granted and complaint dismissed. On this record, defen-

dant's motion, *inter alia,* to dismiss the complaint should have been granted, it being conceded that no final written agreement was ever signed by the parties (see General Obligations Law, § 5-703, subd 2). Even if the various interlineated proposed draft contracts proffered by plaintiff could be deemed to contain all of the material terms of the agreement under the rule of *Crabtree v Elizabeth Arden Sales Corp.* (305 NY 48), plaintiff has failed to satisfactorily demonstrate that a signed writing acknowledging the existence of the contractual relationship, also required under *Crabtree,* may exist in defendant's files so as to warrant discovery of said files pursuant to CPLR 3211 (subd [d]). Stated simply, it is not enough for plaintiff to merely claim that an agreement was, in fact, reached. To defeat the motion to dismiss on CPLR 3211 (subd [d]) grounds, plaintiff must come forth with something more than mere speculation based upon the obvious fact that this defendant is a large bank with many officers who must have communicated with each other and counsel by internal memoranda with respect to the subject real estate transaction (see *McCants v Emerol Mfg. Co.,* 81 NYS2d 770). Plaintiff must, for example, show some conduct or act on defendant's part, other than preparation of proposed draft contracts, which indicates that actual agreement had been reached (see *APS Food Systems v Ward Foods,* 70 AD2d 483). Not only is any such showing absent, but, on the contrary, the record indicates that prior to commencement of the instant action, plaintiff's own counsel was of the view that the negotiations had broken down prior to any agreement being reached, although it is now claimed that an agreement had been reached but was repudiated by defendant. Lazer, J.P., Rabin, Gulotta and Cohalan, JJ., concur.