■ Elmsford Sheet Metal Workers, Inc., Respondent, v Shasta Industries, Inc., Appellant, et al., Defendant. — In an action to recover damages for breach of contract, defendant Shasta Industries, Inc., appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered April 19, 1983, which, after a nonjury trial, was in favor of plaintiff in the principal sum of $31,366.72 as against defendant Shasta Industries, Inc. ¶ Judgment affirmed, with costs. ¶ Plaintiff's claim arises out of defendants' failure to deliver travel trailers for use during the Lake Placid Olympics, by January 15, 1980, the date provided in the contract. Appellant asserted as a defense that the delivery deadline was extended by mutual assent of the parties. ¶ The contract between the parties made time of the essence and expressly provided that no modification of its terms would be valid "unless the same be made in writing, signed by an authorized officer of each of the corporate parties". Such a provision is to be enforced absent an executed modification, waiver, or estoppel (see General Obligations Law, § 15-301; Uniform Commercial Code, § 2-209; *Rose v Spa Realty Assoc.,* 42 NY2d 338). ¶ It is clear that there was no compliance with the contractual provision with respect to the purported modification of the delivery date. Moreover, as the trial court found, the correspondence exchanged by the parties did not amount to a modification but rather constituted memoranda of the terms of a discussion indicating an intention to change the original agreement (see *Bakhshandeh v American Cyanamid Co.,* 8 AD2d 35, 37, affd 8 NY2d 981). Justice Marbach's carefully considered factual resolution of the issue has ample support in the record and

we decline to disturb it. ¶ Nor, given Justice Marbach's factual finding, do we perceive any basis for concluding that plaintiff waived compliance with the time provisions of the contract or should be estopped from invoking them. Indeed, it is rather significant that appellant waited until February 15, 1980 to reject the two conditions attached to plaintiff's assent to an extension of the delivery deadline, by which time the Lake Placid Olympics had already opened and appellant had already made belated deliveries. Under the circumstances, appellant's unilateral acts did not bind plaintiff with respect to executory portions of the contract (Uniform Commercial Code, § 2-209, subd [5]). In short, the conduct of the parties does not evidence "an indisputable *mutual* departure from the written agreement" (emphasis supplied) or that appellant relied on an oral modification (*Rose v Spa Realty Assoc., supra,* p 344; see *All-Year Golf v Products Investors Corp.,* 34 AD2d 246). ¶ Inasmuch as appellant did not meet the delivery dates specified, plaintiff was entitled to the return of its deposit in accordance with paragraph 2 of the agreement. Titone, J. P., Gibbons, Brown and Niehoff, JJ., concur.