■ SUSAN SAVINO, Appellant, v PETER SAVINO, Respondent. (Action No. 1.)—PETER SAVINO, Respondent, v SUSAN SAVINO, Appellant. (Action No. 2.)—In a matrimonial action in which the terms of a separation agreement were incorporated but not merged in a judgment of divorce between the parties (action No. 1), and in an action, *inter alia,* to reform the separation agreement which was modified by the escrow modification agreement (action No. 2), Susan Savino appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated April 6, 1988, which, *inter alia,* (1) referred her application in action No. 1 to compel Peter Savino to comply with terms of the written escrow modification agreement to the trial court in action No. 2, and (2) denied her motion to dismiss the complaint in action No. 2.

Ordered that the order is affirmed, with costs.

The parties entered into a separation agreement on July 10, 1986, which, *inter alia,* obligated the husband to deliver to the wife's then attorney, as escrowee, a debenture in the sum of $100,000 as security for the maintenance payments to the wife. The separation agreement contained a provision proscribing oral modification. In September 1986 the parties were divorced. On October 10, 1986, the parties entered into a written escrow modification agreement which provided that a $50,000 Dreyfus account and a $50,000 promissory note be substituted for the $100,000 debenture. It also provided for future substitution with "other security which in the sole judgment of the Escrowee has a value of not less than the amount of security required". The separation agreement was also modified by providing that the security amount would be reduced by $20,000 each year if the husband was current in his payments.

In October 1987 the wife moved in the matrimonial action to compel the husband to comply with the escrow modification agreement, which required at that time a security amounting to $80,000. In November 1987 the husband commenced a plenary action (action No. 2) seeking reformation of the separation agreement and the written escrow modification agreement on the basis of an alleged oral modification. It is undisputed that in November 1986 the husband met with the wife and the escrowee thereof to seek approval for withdrawal of the Dreyfus account to advance a loan to the wife's father, and substitute as security a mortgage of $65,000 secured on

the wife's father's home. The husband subsequently granted the mortgage to the wife's father in December 1986. In April 1987, the promissory note matured and the husband failed to post substitute security. In August 1987 the escrowee rejected the second mortgage on the wife's father's home as "wholly inadequate". The wife disputes that any agreement had been reached but the husband alleges in his complaint that "in reliance upon the oral representations made to me by both the defendant and her attorney, I have dramatically altered my financial position. For me now to have to borrow monies in order to replenish the escrow account, would cause me substantial hardship".

The wife moved, *inter alia,* to dismiss the complaint for failure to state a cause of action and upon the ground that a defense was based on documentary evidence. The court denied the motion to dismiss the complaint in action No. 2 and referred the wife's motion in action No. 1 to compel compliance with the escrow modification agreement to the trial court in action No. 2.

Initially we note that the Supreme Court did not improperly refer the motion in action No. 1 to the trial court in action No. 2 as the motion and action share common questions of law and fact and the wife has failed to demonstrate any prejudice to a substantial right as a result thereof *(Cushing v Cushing,* 85 AD2d 809).

We also affirm the Supreme Court's denial of that branch of the wife's motion which was to dismiss the complaint. The claims in the complaint manifest a cause of action recognizable under law. Questions of fact remain to be resolved concerning the husband's allegations of oral modification, which, if proven, would constitute a defense to the wife's application *(cf., New York Fruit Auction Corp. v City of New York,* 81 AD2d 159). Although the separation agreement did contain a clause prohibiting oral modification, the record demonstrates that there are questions of fact as to whether or not an oral agreement was made which modified the security and whether that agreement was performed by the husband. The husband's subsequent undisputed action in granting the mortgage is unequivocally referable to such a modification. General Obligations Law § 15-301 (1) does not preclude proof of executed oral modifications *(Rose v Spa Realty Assocs.,* 42 NY2d 338; *Simon v Wohl,* 93 AD2d 818). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.