■ ANNETTE WEISSMAN, Appellant, v AVROM WEISSMAN, Respondent, et al., Defendants.—In an action for partition and sale of the former marital residence pursuant to the parties' separation agreement, the plaintiff former wife appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated November 8, 1989, which denied her motion for summary judgment in her favor.

Ordered that the order is affirmed, with costs, with leave to the plaintiff to renew her motion, if she be so advised, after the completion of discovery.

The parties entered into a separation agreement in 1976 which, *inter alia,* provided that the defendant would sell the former marital residence within 18 months and pay plaintiff $4,440 of the proceeds. In the event the house was not sold within 18 months, the provisions concerning sale and payment of the plaintiff's $4,440 share would become null and void. The plaintiff's remedy, in that event, was to "take all efforts to sell" or to bring an action for partition and an accounting.

The separation agreement, which did not merge into the judgment of divorce terminating the Weissmans' marriage, specified that it constituted the entire agreement between the parties. It also contained a no-oral-modification clause.

The house was not sold within 18 months of the date after the agreement, and the respondent continues to live in it, collecting rent and making mortgage payments. The plaintiff commenced the instant action for partition, in which the respondent raised the affirmative defenses of waiver, estoppel and laches. The plaintiff moved for summary judgment striking the respondent's affirmative defenses and granting her the relief requested in the complaint. The respondent opposed the motion on the ground that the parties had modified the separation agreement.

Questions of fact remain to be resolved with respect to the respondent's allegations of an oral modification which, if proven, would constitute a defense to the action. Although the separation agreement did contain a clause prohibiting oral modification, the record demonstrates that there is a triable issue concerning whether an oral agreement exists which was performed or partially performed by the respondent *(see, Savino v Savino,* 146 AD2d 766, 767). There is an issue of fact as to whether the parties' post-divorce decision to send their son to a private school, the respondent's increased contributions and the plaintiff's 11-year delay in seeking partition, are unequivocally referable to part performance of an alleged oral agreement *(see, Anostario v Vicinanzo,* 59 NY2d 662; *Klein v Jamor Purveyors,* 108 AD2d 344). General Obligations Law § 15-301 (1) does not preclude proof of executed oral modifications *(see, Rose v Spa Realty Assocs.,* 42 NY2d 338).

Stated succinctly, resolution of questions regarding the existence of an oral modification, partial performance of the alleged modification, and significant and substantial reliance thereon, must await the trial of the action *(see, Pau v Bellavia,* 145 AD2d 609).

Under the circumstances, the Supreme Court properly denied the plaintiff's application for summary judgment. However, the application may be renewed, if the plaintiff be so advised, after the completion of discovery. Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.