■ ELEANOR SPARER, Respondent, v SOL SPARER, Appellant. [643 NYS2d 617] —In an action, *inter alia,* for specific performance of the maintenance provisions of a separation agreement dated October 16, 1978, the defendant former husband appeals from a judgment of the Supreme Court, Nassau County (Kohn, J.), dated April 4, 1995, which, after a nonjury trial, is in favor of the plaintiff former wife and against him in the principal sum of $119,250.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The parties, who were once married to each other, entered into a separation agreement on October 16, 1978, and were divorced by a judgment dated April 18, 1979. The plaintiff brought this action to recover maintenance allegedly due pursuant to the separation agreement, which was incorporated but not merged into the judgment.

If proven, an oral modification may constitute a defense to specific performance of a separation agreement (*see, Weissman v Weissman,* 173 AD2d 609, 610; *Savino v Savino,* 146 AD2d 766, 767). Based on the record presented, we find that the defendant established an oral modification of the separation agreement and that the plaintiff is estopped from denying the oral modification (*see, Rose v Spa Realty Assocs.,* 42 NY2d 338, 343-344).

The defendant established that he allowed the wife to keep substantially all of the parties' assets, contrary to the provisions of the parties' separation agreement, and that he made no claim therefor in reliance upon the parties' understanding that her retention of all the assets was in lieu of the defendant's payment of maintenance. We find that the plaintiff's failure to take steps for approximately 12 years to enforce the agreement, her retention of substantially all of the assets in accordance with the modification, and the defendant's reliance upon her acceptance of the modification by not claiming his share of the assets bar the plaintiff from asserting any claim for past due maintenance. O'Brien, J. P., Santucci, Joy and McGinity, JJ., concur.