■ In the Matter of CARLA MAURER, Respondent, v MICHAEL P. ERDHEIM, Appellant. [738 NYS2d 885] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Pessala, J.), dated December 5, 2000, as directed him to pay 100% of his son's college tuition and related expenses, granted the mother's application for an award of an attorney's fee in the sum of $4,250, and denied his application for credit for child support during the time his son was away from home attending college.

Ordered that the order is affirmed insofar as appealed from, with costs.

The father contends that an oral modification of the parties' stipulation of settlement required him to pay only 50% of his son's college tuition and related expenses rather than 100%. However, the father failed to show new consideration to support the alleged oral modification (*see, Schwartzreich v Bauman-Basch, Inc.,* 231 NY 196, 203; *Estate of Anglin v Estate of Kelley,* 270 AD2d 853; *cf., Sparer v Sparer,* 227 AD2d 613), and failed to show that the conduct of the parties was unequivocally referable to the oral modification (*see, Rose v Spa Realty Assoc.,* 42 NY2d 338, 343-344; *Weissman v Weissman,* 173 AD2d 609, 610; *Klein v Jamor Purveyors,* 108 AD2d 344, 348-349). Further, the father is not entitled to a child support credit for the time his son is away from home attending college where no such provision was agreed to by the parties in the stipulation setting forth his child support obligations (*cf., Jablonski v Jablonski,* 275 AD2d 692; *Sheridan v Sperber,* 269 AD2d 439; *Imhof v Imhof,* 259 AD2d 666; *Litwack v Litwack,* 237 AD2d 580; *Matter of P. St. J. v P.J.T.,* 175 Misc 2d 417).

Finally, the Family Court providently exercised its discretion in granting the mother's application for an award of an attorney's fee (*see, O'Shea v O'Shea,* 93 NY2d 187, 193; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881), particularly, where the parties expressly provided for such an award in their stipulation. Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.