■ NATALIE FITZ-GERALD, Appellant, v DONALDSON, LUFKIN & JENRETTE, Respondent. [741 NYS2d 682] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered April 16, 2001, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about April 5, 2001, which, inter alia, granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The IAS court correctly held that the statute of frauds (General Obligations Law § 5-701 [a] [10]) bars plaintiff's action to recover a finder's fee since there was no written document, signed by defendant, in which defendant agreed to pay such a fee (*see, Scheck v Francis*, 26 NY2d 466).

Assuming, arguendo, that a partial performance exception to General Obligations Law § 5-701 still exists after *Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group PLC* (93 NY2d 229, 234 n 1), plaintiff may not rely upon it because she will not be able to show that her actions were unequivocally referable to the alleged agreement to pay her a finder's fee (*see, Anostario v Vicinanzo*, 59 NY2d 662, 664). It is entirely plausible that plaintiff's actions on defendant's behalf were referable to the monthly consulting fee that defendant admittedly paid her (*see, id.*).

Since General Obligations Law § 5-701 (a) (10) applies to "contract[s] implied in fact or in law," it bars plaintiff's quantum meruit claim as well as her breach of contract claim (*see, e.g., Wings Assoc. v Warnaco, Inc.*, 269 AD2d 183, 184, *lv denied* 95 NY2d 759).

The IAS court properly exercised its discretion in denying plaintiff's request for further discovery pursuant to CPLR 3211 (d) (*see, e.g., Klein v Jamor Purveyors*, 108 AD2d 344, 350.

We have considered plaintiff's remaining argument and find it unavailing. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Friedman, JJ.