DAVID A. KAYSER, Respondent, v BARBARA ANN KAYSER, Appellant. [795 NYS2d 250]—

In a matrimonial action in which the parties were divorced by judgment dated July 18, 1995, the defendant appeals (1) from an order of Supreme Court, Queens County (Dorsa, J.), dated August 11, 2003, which, after a hearing, denied that branch of her motion which was for a money judgment for child support arrears and child care expenses, and (2), as limited by her brief, from so much of an order of the same court dated February 13, 2004, as denied her motion for leave to renew and reargue that branch of her prior motion which was for a money judgment for child support arrears and child care expenses, and for an attorney's fee in connection with the motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated Feb-

ruary 13, 2004, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 11, 2003, is affirmed; and it is further,

Ordered that the order dated February 13, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In an initial round of motion practice, the defendant moved, inter alia, for a money judgment for child support arrears and child care expenses based upon the plaintiff's failure to pay those items, as required by the parties' judgment of divorce. In opposition, the plaintiff contended, among other things, that there was an oral modification of the judgment of divorce pursuant to which the defendant waived those items in exchange for the plaintiff's waiver of his equitable distribution award.

The Supreme Court properly denied that branch of the defendant's motion which was for a money judgment for child support arrears and child care expenses. The plaintiff showed consideration to support the alleged oral modification (*see Sparer v Sparer*, 227 AD2d 613 [1996]; *Mattlage Sales v Howard Johnson's Wholesale Div.*, 39 AD2d 958 [1972]; *cf. Schwartzreich v Bauman-Basch, Inc.*, 231 NY 196, 203 [1921]; *Matter of Maurer v Erdheim*, 292 AD2d 455 [2002]; *Estate of Anglin v Estate of Kelley*, 270 AD2d 853, 855 [2000]), and that the conduct of the parties was unequivocally referable to the oral modification (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344 [1977]; *Matter of Maurer v Erdheim, supra*; *Weissman v Weissman*, 173 AD2d 609, 610 [1991]). Moreover, the court properly denied that branch of the defendant's subsequent motion which was for leave to renew that branch of her prior motion which was for child support arrears and child care expenses (*see O'Dell v Caswell*, 12 AD3d 492 [2004]).

In addition, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for an award of an attorney's fee in connection with her motion, inter alia, for leave to renew (*see* Domestic Relations Law § 237; *Lipovsky v Lipovsky*, 271 AD2d 658, 659 [2000]).

We note that to the extent the defendant claims on this appeal that the Supreme Court erred in denying that branch of her motion which was for an attorney's fee in connection with her initial motion for a money judgment for child support arrears and child care expenses, that contention is not properly

before this Court. The Supreme Court denied that motion in an order dated June 4, 2003. The defendant appealed from that order but, having failed to perfect the appeal, the appeal was dismissed by decision and order on motion of this Court dated May 24, 2004.

To the extent that the appellant raises issues with respect to that branch of her motion which was for a money judgment for the plaintiff's share of unreimbursed health care and health insurance expenses, we note that the Supreme Court failed to determine that branch of the motion, and it remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.