■ ProHealth Care Associates, LLP, Appellant-Respondent, v Evan Shapiro, Respondent-Appellant. [849 NYS2d 276]—

In an action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered April 27, 2006, as, upon a decision of the same court dated March 10, 2006, made after a nonjury trial, is in favor of the defendant and against it, in effect, dismissing the third, fourth, and fifth causes of action of the complaint, and, in effect, awarding the defendant judgment on his first and third counterclaims in the principal sums of $82,083 and $25,320.54, respectively, and the defendant cross-appeals, as limited by his brief, from so much of the same judgment as failed to award

him damages in the sum of $45,000 for lost earnings, and, in effect, awarded the plaintiff a credit in the sum of $7,397 for excessive vacation time taken by him so as to limit his award of damages to the principal sum of $100,006.54.

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding damages to the defendant in the principal sum of $100,006.54, and substituting therefor a provision awarding damages to the defendant in the principal sum of $102,469.54, and (2) by adding a provision thereto awarding the defendant the additional sum of $45,000 for lost earnings; as so modified, the judgment is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of Fasano v State of New York*, 113 AD2d 885, 887-888 [1985]). The Supreme Court's determination, inter alia, that the plaintiff failed to meet its burden of establishing that the defendant either breached a fiduciary duty or breached the subject partnership agreement is supported by the record, and we find no reason to disturb it (*see Tornheim v Kohn*, 31 AD3d 748, 748-749 [2006]).

However, the Supreme Court erred in finding that an alleged oral agreement to reduce the defendant's salary by $45,000 during his second year as a partner was enforceable, since the plaintiff failed to show new consideration to support the alleged oral modification of a contract entitling the defendant to an annual salary of $385,000 during his first two years as a partner (*see Matter of Maurer v Erdheim*, 292 AD2d 455 [2002]; *Federal Deposit Ins. Corp. v Hyer*, 66 AD2d 521, 528-529 [1979]).

The Supreme Court erred in its calculations when it determined that the plaintiff was entitled to a "credit" in the sum of $7,397 for excessive vacation time taken by the defendant. Since the partnership agreement entitled the defendant to take up to five weeks vacation on an "annual" basis, he exceeded that amount by only six days. Therefore, based upon an annual salary of $300,000, the plaintiff was only entitled to a credit in the sum of $4,934 for excessive vacation time.

We note that the defendant also contends that he was awarded an inadequate attorney's fee only for defending against the first

and second causes of action of the complaint. However, the judgment contains no decretal paragraph awarding the defendant an attorney's fee. While the Supreme Court issued a decision on March 10, 2006, which erroneously concluded, inter alia, that the defendant was entitled to an attorney's fee limited to the first and second causes of action of the complaint, the claim for an attorney fee was referred to a Court Attorney Referee for a hearing. Since there is no indication in the record that a judgment was entered upon the determination of the Court Attorney Referee after a hearing, we do not reach this issue (*see Wortman v Wortman*, 11 AD3d 604, 607 [2004]).

The parties' remaining contentions are without merit. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.