Leist v JMC Pharmacy Inc. (2018 NY Slip Op 04974)





Leist v JMC Pharmacy Inc.


2018 NY Slip Op 04974


Decided on July 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


7069 653768/16

[*1]Seth Leist, et al., Plaintiffs-Appellants,
v
JMC Pharmacy Inc., et al., Defendants-Respondents.


Gray Tsirelman, P.C., Brooklyn (Stefan Belinfanti of counsel), for appellants.
Allegaert Berger & Vogel LLP, New York (Lauren J. Pincus of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 26, 2017, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
There is no written contract, and the documents submitted by plaintiffs in an effort to show a purported meeting of the minds "flatly contradict[]" their allegations that the parties had come to an agreement on the contract's material terms (Matter of Sud v Sud , 211 AD2d 423, 424 [1st Dept 1995]; see Joseph Martin, Jr., Delicatessen v Schumacher , 52 NY2d 105, 109 [1981]). The transcribed conversation submitted by plaintiffs to the court demonstrates that the parties were continuing to negotiate the services plaintiffs were to provide and the form that the written agreement between them would take. Given this lack of agreement, there was only an unenforceable agreement to agree between the parties, which is not subject to a breach of contract claim (id. ).
The statute of frauds bars plaintiffs' claim of breach of the oral commission agreement. The type of agreement alleged here is the very type of agreement that has been held unenforceable under the statute (General Obligations Law § 5-701[a][10]; Fitz-Gerald v Donaldson, Lufkin & Jenrette, Inc. , 294 AD2d 176 [1st Dept 2002]). The agreement was also void because it was not in writing and was not capable of being performed within one year, as the performance of the contract was dependent upon the will of third parties (General Obligations Law § 5-701[a][1]; Apostolos v R.D.T. Brokerage Corp. , 159 AD2d 62, 64-65 [1st Dept 1990]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 5, 2018
CLERK