Leavitt Enter., Inc. v Two Fulton Sq., LLC (2020 NY Slip Op 01606)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Leavitt Enter., Inc. v Two Fulton Sq., LLC

2020 NY Slip Op 01606

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-14389
(Index No. 702971/18)

[*1]Leavitt Enterprise, Inc., et al., appellants, 
vTwo Fulton Square, LLC, et al., respondents.

Kevin Kervin Tung, P.C., Flushing, NY (Ge Li of counsel), for appellants.
Rich, Intelisano & Katz, LLP, New York, NY (Daniel E. Katz, John M. Giordano, and Trista W. McConnell of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), entered November 19, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2007, the plaintiff Leavitt Enterprise, Inc. (hereinafter Leavitt), purchased certain property located in Queens (hereinafter the Leavitt property). In 2013, Leavitt began construction of a hotel on the Leavitt property. The defendant Two Fulton Square, LLC (hereinafter Two Fulton), is the owner of certain property adjacent to the Leavitt property (hereinafter the Two Fulton property).
On March 25, 2014, Leavitt and Two Fulton executed a written cooperation agreement. Therein, they agreed to cooperate with each other to provide "reasonable access" to each other's property for the purposes of providing underpinning, rooftop protection, support of excavation, sidewalk/shed protection, construction monitoring, and any other necessities of construction. The cooperation agreement further provided that the agreement set forth the "entire" understanding of the parties. Following the execution of the cooperation agreement, Leavitt erected scaffolding in the front yard of a warehouse on Two Fulton's property. In 2015, construction of a four-building development began on Two Fulton's property. The defendant Top 8 Construction Corp. (hereinafter Top 8) was the general contractor of the construction project on Two Fulton's property.
In August 2017, construction was completed on the Leavitt property, where the plaintiff John Hotel, Inc. (hereinafter John Hotel), manages a hotel. In November 2017, Top 8 tendered a $5,000 check to John Hotel and erected scaffolding and sidewalk sheds on the Leavitt property.
In February 2018, Leavitt and John Hotel (hereinafter together the plaintiffs) commenced this action against Two Fulton and Top 8 (hereinafter together the defendants) to [*2]recover damages for breach of contract and trespass, and pursuant to RPAPL 871 to compel the defendants to remove the structures encroaching on the Leavitt property. The plaintiffs alleged, inter alia, that, in November 2017, they, in effect, orally modified the cooperation agreement and agreed to grant the defendants a license to construct and maintain the scaffolding until the construction work was completed for a monthly fee of $5,000. They alleged that the defendants only made one payment of $5,000 in November 2017.
The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, contending that the cooperation agreement was still in effect and that no payments were required thereunder. They further asserted that they had made a one-time "good faith" payment of $5,000 at the plaintiffs' request prior to erecting the scaffolding. The Supreme Court granted the defendants' motion. The plaintiffs appeal.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). Additionally, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 683).
With regard to the cause of action to recover damages for breach of contract, although the cooperation agreement did not contain a clause prohibiting oral modification (see Lax v Design Quest N.Y. Ltd., 101 AD3d 431; Rooney v Slomowitz, 11 AD3d 864, 867), consideration is necessary to prove the existence of an oral modification of a written agreement (see Schwartzreich v Bauman-Basch, Inc., 231 NY 196, 203; Rooney v Slomowitz, 11 AD3d at 867; Estate of Anglin v Estate of Kelley, 270 AD2d 853, 855). Here, the complaint fails to allege new consideration to support the alleged oral modification (see ProHealth Care Assoc., LLP v Shapiro, 46 AD3d 792, 793; Matter of Maurer v Erdheim, 292 AD2d 455, 455). "Neither a promise to do that which the promisor is already bound to do, nor the performance of an existing legal obligation constitutes valid consideration" (Tierney v Capricorn Invs., 189 AD2d 629, 631; see Federal Deposit Ins. Corp. v Hyer, 66 AD2d 521, 529).
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the cause of action to recover damages for trespass. "The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission" (Reyes v Carroll, 137 AD3d 886, 888). The cooperation agreement granted permission to the defendants to erect and maintain the scaffolding. Finally, in light of the cooperation agreement, the defendants established that no cause of action exists pursuant to RPAPL 871 (see Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1149).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court