Moreno-Chavez v Cantarero (2025 NY Slip Op 00658)

Moreno-Chavez v Cantarero

2025 NY Slip Op 00658

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-07068
 (Index No. 511266/17)

[*1]Jose Aurelio Moreno-Chavez, respondent,
v
Maria Elena Cantarero, et al., appellants, et al., defendant.

Daniel Friedman, Brooklyn, NY, for appellants.
Cabanillas & Associates, P.C., White Plains, NY (Christopher C. Garitee of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that a deed dated May 10, 2017, is null and void, the defendants Maria Elena Cantarero and Jessica Cantarero appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 18, 2022. The order granted the plaintiff's motion, among other things, for summary judgment declaring that the deed dated May 10, 2017, is null and void and denied the cross-motion of the defendants Maria Elena Cantarero and Jessica Cantarero for summary judgment dismissing the complaint insofar as asserted against them and, in effect, declaring that the deed dated May 10, 2017, is valid.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the deed dated May 10, 2017, is null and void.
In May 2014, the plaintiff and the defendant Maria Elena Cantarero (hereinafter the former wife) executed a separation agreement wherein they agreed that they would not sell the former marital home (hereinafter the property) for less than $700,000. The property was subsequently sold to a member of the former wife's family, the defendant Jessica Cantarero, for a net purchase price of $360,000, and title was transferred to Jessica Cantarero by deed dated May 10, 2017 (hereinafter the deed). Although the plaintiff executed the contract of sale and all other closing documents, including the deed, he claims that the contents of those documents were fraudulently represented to him and that he is unable to read the English language. He also contends that the sale violated the separation agreement, which contained a no-oral-modification clause.
In June 2017, the plaintiff commenced this action, among other things, to void the contract of sale and all other closing documents and for a judgment declaring that the deed is null and void. The plaintiff moved, inter alia, for summary judgment declaring that the deed is null and void, and the former wife and Jessica Cantarero (hereinafter together the defendants) cross-moved for summary judgment dismissing the complaint insofar as asserted against them and, in effect, declaring that the deed is valid. In an order dated August 18, 2022, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion. The defendants appeal.
"A settlement agreement is a contract which is subject to the ordinary rules of contract [*2]construction" (Texas 1845, LLC v Kyaw, 117 AD3d 1028, 1031; see Cervera v Bressler, 106 AD3d 683, 683). Where, as here, a separation agreement contains a provision that expressly provides that modifications must be in writing, an alleged oral modification will be enforceable if "the oral modification has in fact been acted upon to completion" (Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413, 425 [internal quotation marks omitted]). However, an oral agreement that is fully executed will only constitute a valid modification of a prior written agreement if supported by consideration (see General Obligations Law § 5-1103; Matter of Crea, 27 NY2d 339, 343; Sparer v Sparer, 227 AD2d 613; Beacon Term. Corp. v Chemprene, Inc., 75 AD2d 350, 355; State Bank of Albany v Arbit Furniture Co., 41 AD2d 866, 867, affd 34 NY2d 875; Mattlage Sales, Inc. v Howard Johnson's Wholesale Div., Inc., 39 AD2d 958, 958-959).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the separation agreement contained a no-oral-modification clause and that an alleged oral agreement between the plaintiff and the former wife was not in writing and was without consideration (see Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 15; Baumann v Sedgwick Claims Mgt. Servs., Inc., 35 AD3d 642, 642-643). In opposition, the defendants failed to raise a triable issue of fact. Moreover, for similar reasons, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on their cross-motion. Accordingly, the Supreme Court properly granted the plaintiff's motion, among other things, for summary judgment declaring that the deed is null and void and denied the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them and, in effect, declaring that the deed is valid.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the deed is null and void (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court