OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, without costs, by reinstating that portion of Supreme Court’s
 
 *1016
 
 judgment that awarded plaintiff-wife lifetime maintenance and, as so modified, affirmed.
 

 The Appellate Division’s reliance on
 
 Hartog v Hartog
 
 (194 AD2d 286, 295,
 
 mod
 
 85 NY2d 36) and
 
 Harmon v Harmon
 
 (173 AD2d 98, 108) for its award of durational maintenance to the wife based on her ability to become self-supporting fails in the light of this Court’s recent modification of
 
 Hartog
 
 (85 NY2d 36,
 
 supra).
 
 We held that Domestic Relations Law § 236 (B) (6) (a)
 
 requires
 
 the court to consider the marital standard of living in making maintenance awards, among other factors (85 NY2d, at 51-52,
 
 supra).
 
 Although there is no automatic entitlement to lifetime maintenance, the Appellate Division failed entirely to consider the factor of the parties’ marital standard of living. Thus, we modify that Court’s order with respect to the duration of maintenance.
 

 Because Supreme Court’s determination that the wife is incapable of becoming self-supporting at a level roughly commensurate with the marital standard of living more nearly comports with the weight of the evidence, we reinstate its judgment insofar as it awarded the wife permanent maintenance.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.