■ FANNY REINISCH, Respondent, v MORRIS REINISCH, Appellant. [641 NYS2d 393] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Silverman, J.), dated July 25, 1994, which, after a nonjury trial, *inter alia,* (a) awarded the plaintiff wife maintenance in the amount of $2,000 per month for 10 years, (b) directed him to pay the wife 25% of any bonuses he received in 1994, 1995, 1996, 1997 and 1998, and 50% of the proceeds from the exercise of any stock options acquired prior to the commencement of this action, (c) directed him to pay a proportionate share of the college expenses of the parties' children, (d) directed him to pay $6,000 to the wife's mother and $6,000 to the wife's stepfather, (e) failed to distribute, as marital property, the personal property located in the marital residence, (f) directed him to pay 80% of the parties' credit card debt, (g) directed him to maintain life insurance for the benefit of the wife and the children, (h) directed him to pay the wife's attorneys $30,000 for her legal fees, and (i) directed him to contribute $1,500 toward the fees of the wife's expert accountant.

Ordered that the judgment is modified by (1) deleting the eighth and ninth decretal paragraphs thereof, and (2) by adding the following decretal paragraph: "ORDERED AND ADJUDGED that during any period in which the husband is paying $2,250 per month in child support and one child is living away from home while attending college, up to one-half of his child support obligation during that period shall be credited toward his contribution to the costs of that child's education; that during any period in which the husband's child support obligation is $2,250 per month and both children are living away from home while attending college, up to the full amount of his child support obligation for that period shall be credited toward his contributions to the costs of the childrens' education; and during any period in which the husband's child support obligation is $1,550 per month and the remaining unemancipated child is living away from home while attending college, up to the full amount of his child support obligation for that period shall be credited toward his contributions to the costs of that child's education"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court directed the husband to pay to the wife's mother, Pola Ader, and the wife's stepfather, Oscar Elbaum, $6,000 each for loans made to the wife during the pendency of this action. However, before a court can grant affirmative relief to a third party, that party must submit himself or herself to the jurisdiction of the court (*see, Kirk v Kirk*, 177 AD2d 619; *Adams v Adams*, 129 AD2d 661). Since neither Pola Ader nor Oscar Elbaum were parties to this action and neither moved to intervene, the Supreme Court did not have the power to grant affirmative relief in their favor.

Taking into consideration all of the relevant factors, including the standard of living enjoyed by the parties during the marriage, as the Supreme Court apparently did, the award of maintenance in the amount of $2,000 per month for a 10-year period was not an improvident exercise of discretion (*see*, Domestic Relations Law § 236 [B] [6]; *Summer v Summer*, 85 NY2d 1014; *Hartog v Hartog*, 85 NY2d 36, 52; *O'Keefe v O'Keefe*, 216 AD2d 549). Furthermore, we do not find any error in the provision of the judgment which directed the husband to pay a pro rata share of the children's college expenses (*see*, Domestic Relations Law § 240 [1-b] [c] [7]; *Matter of Cassano v Cassano*, 203 AD2d 563, *affd* 85 NY2d 649; *Landau v Landau*, 214 AD2d 541). However, it was improper to direct the husband to pay child support and contribute to the expenses of the children's college education without including any provision reducing the level of support or crediting the husband for the amounts contributed to the costs of their college education during periods when the children live away from home while attending college and, therefore, the judgment has been modified accordingly (*see, Guiry v Guiry*, 159 AD2d 556, 557).

We have reviewed the husband's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.