■ M. DEBORAH GRUEN, Respondent, v DANIEL J. KRELLEN-STEIN, Appellant. [650 NYS2d 145] —Orders, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), the first entered January 18, 1996, which, *inter alia*, denied defendant's motion for a protective order against plaintiff's document demands and granted plaintiff's cross-motion for counsel fees to the extent of awarding plaintiff $5,000 and, the second entered February 26, 1996, which, *inter alia*, denied defendant's motion to inspect the marital premises and granted plaintiff's cross-motion for counsel fees and awarded plaintiff interim counsel fees in the amount of $50,000, unanimously modified, on the law and the facts and in the exercise of discretion, to vacate the awards of counsel fees and remand the matter for an appropriate hearing thereon in accordance herewith, and otherwise affirmed, without costs.

Order, same court and Justice, entered January 18, 1996, which, *inter alia*, ordered additional document production, *sua sponte*, directed that all disclosure be supervised by a Referee and granted related relief, unanimously affirmed, without costs.

Order (denominated a supplemental order), same court and Justice, entered February 26, 1996 which, clarified the above orders entered January 18, 1996, by *inter alia*, directing defendant to produce all computer data bases containing personal or professional financial data kept or generated on his behalf commencing from the date of the parties' marriage, unanimously modified, on the law and the facts and in the exercise of discretion, to delete the second paragraph thereof and accompanying footnote thereto, and otherwise affirmed, without costs.

The determination of an application for interim counsel fees in a divorce action is committed to the sound discretion of the

---

trial court (*Matter of Aronesty v Aronesty*, 202 AD2d 240), and a hearing thereon is not generally required (*Meyer v Meyer*, 229 AD2d 354). While the parties' sharply disparate financial circumstances and the complexity of the litigation support the finding that plaintiff be awarded counsel fees (Domestic Relations Law § 237; *Fischman v Fischman*, 209 AD2d 916; *Cvern v Cvern*, 198 AD2d 197), we find that, under the particular circumstances of this case, in which the application was challenged, remand is required due to the lack of sufficient documentation for the amounts requested and ultimately awarded (*see, Karbassi v Karbassi*, 208 AD2d 684; *Cronin v Cronin*, 158 AD2d 447).

Plaintiff's discovery demands relating to defendant's finances, with respect to which defendant sought a protective order, were not overbroad since they specified target documents with sufficient precision (*see, Bardi v Mosher*, 197 AD2d 797, 798). The use of the terms "any" and "all" within the context of specific document demands is acceptable (*supra; Engel v Hagedorn*, 170 AD2d 301). However, the court's directives in the supplemental order entered February 26, 1996, which expanded upon its prior orders concerning document and record production, lacked such specificity and required that defendant produce too broad a range of data to be practicable (*Editel, N. Y. v Liberty Studios*, 162 AD2d 345). Consequently, we find that portion of the supplemental order to constitute an improvident exercise of discretion and modify accordingly.

We need not address defendant's argument concerning the motion court's denial of his request for access to the apartment. Defendant acknowledges that he has had access since plaintiff-respondent and the parties' children have vacated the premises. Therefore, as a practical matter, this portion of the appeal has been rendered moot. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.