■ KENNETH LITWACK, Appellant-Respondent, v FRANCES LITWACK, Respondent-Appellant. [655 NYS2d 613] —In an action for a divorce and ancillary relief, (1) the plaintiff appeals, (a) as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, dated December 21, 1995, as, *inter alia,* granted exclusive possession of the marital residence to the defendant until the parties' twins reach age 25, and permitted the defendant to list two of the parties' three children as dependents for income tax purposes, and (b) from a decision of the same court, also dated December 21, 1995, and (2) the defendant former wife cross-appeals from stated portions of (a) a decision of the same court dated October 19, 1995, and (b) the judgment dated December 21, 1995.

Ordered that the appeals from the decisions dated October 19, 1995, and December 21, 1995, are dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the cross appeal by the defendant from the judgment dated December 21, 1995, is dismissed as abandoned; and it is further,

Ordered that the judgment dated December 21, 1995, is modified, on the law, by (1) deleting the twelfth decretal paragraph thereof and substituting therefor a provision that the husband is authorized to declare the parties' three children as dependents for income tax purposes, (2) deleting from the fifteenth decretal paragraph thereof the number "25" and substituting therefor the number "18", and (3) adding thereto the following decretal paragraph: "ORDERED AND ADJUDGED that during any period in which the husband is paying $2,900 per month in child support and one of the twins is living away from home while attending college, up to one-half of his child support obligation during that period shall be credited toward the husband's contribution to the costs of that child's education, and that during any period in which the husband's child support obligation is $2,900 per month and both of the twins are living away from home while attending college, up to the full amount of his child support obligation for that period shall be credited toward the husband's contributions to the costs of the children's education"; as so modified, the judgment is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the plaintiff's contentions, we find that the court did not improvidently exercise its discretion in giving the defendant the option of either crediting the plaintiff with various itemized obligations and taking title to the marital residence in lieu thereof, or entering judgment against him and, *inter alia,* retaining exclusive use and occupancy of the marital home. However, the judgment must be modified to provide that the defendant's exclusive use and occupancy of the former marital residence will end when the parties' twins, who were nine at the time of trial, turn 18 or are sooner emancipated *(see, Marano v Marano,* 200 AD2d 718, 719).

Taking into consideration all of the relevant factors, including the standard of living enjoyed by the parties during the marriage, the award of maintenance in the amount of $100 per week for five years was not an improvident exercise of discretion *(see,* Domestic Relations Law § 236 [B] [6]; *Summer v Summer,* 85 NY2d 1014). Furthermore, we find no error in the provision of the judgment which directed the plaintiff to pay a pro rata share of the twins' college expenses *(see,* Domestic Relations Law § 240 [1-b] [c] [7]). However, it was improper to direct him to pay child support and contribute to the expenses of the twins' college education without reducing the level of support

or crediting him for amounts contributed to the costs of their college education during periods when the twins live away from home while attending college. Therefore, the judgment has been modified accordingly *(see, Reinisch v Reinisch,* 226 AD2d 615).

In addition, under the circumstances of this case, the plaintiff should be authorized to declare all three of the parties' children as his dependents for income tax purposes.

Although the plaintiff argues that he deserves credit for certain marital debts he has paid, any adjustments made by this Court would necessarily affect an order dated June 12, 1996, which amended the divorce judgment with respect to the total award due the defendant. Since the plaintiff did not appeal from that order, those particular arguments are not properly before this Court *(see generally, Linszer v Wachsman,* 232 AD2d 530).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Florio, McGinity and Luciano, JJ., concur.