■ ALVARO M. JUSTINO, Appellant, v MARIA JUSTINO, Respondent. [657 NYS2d 79] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered May 31, 1996, which, after a nonjury trial, (a) awarded the defendant wife child support in the sum of $440 per week, (b) awarded the defendant wife maintenance in the sum of $200 per week for six years and supplemental maintenance of $50 per week for a stated duration, (c) credited the defendant wife $20,090.13, representing her equitable share of marital funds held in the husband's account, and (d) directed him to pay a proportionate share of the college expenses of the parties' children.

Ordered that the judgment is modified, on the law, by delet-

ing the third decretal paragraph and substituting therefor a provision directing the plaintiff husband to pay the defendant wife the sum of $440 per week as and for child support of their two unemancipated children, except that during the period when the plaintiff husband is (1) paying child support for both children and the oldest child is living away from home while attending college, up to one-half of his child support obligation shall be credited toward his contributions to the costs of that child's education, (2) paying child support for both children and they are both living away from home while attending college, up to the full amount of his child support obligation shall be credited toward his contributions to the costs of their education, and (3) paying child support for the remaining unemancipated child and that child is living away from home while attending college, up to the full amount of his child support obligation for that period shall be credited toward his contributions to the costs of that child's education; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondent.

The Supreme Court properly directed the plaintiff husband to pay the defendant wife child support in the sum of $440 per week, as stipulated by the parties in open court. Contrary to the husband's contention, the stipulation did not deviate from the Child Support Standards Act formula (*see*, Domestic Relations Law § 240 [1-b]). The husband's contention that the amount and duration of the wife's maintenance award was an improvident exercise of the court's discretion is also meritless (*see*, Domestic Relations Law § 236; *Hartog v Hartog*, 85 NY2d 36).

Moreover, the direction to the husband to pay a proportionate share of the college expenses of the children was proper (*see*, Domestic Relations Law § 240 [1-b] [c] [7]; *Manno v Manno*, 196 AD2d 488; *Reinish v Reinish*, 226 AD2d 615). However, the court erred in directing the husband to pay child support and contribute to those college expenses without including a provision reducing the level of child support or crediting the husband for any amounts he contributes toward college expenses when the children live away from home while attending college (*see*, *Reinish v Reinish, supra; Guiry v Guiry*, 159 AD2d 556). Therefore, the judgment has been modified accordingly.

The husband's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.