*418 OPINION OF THE COURT
Ingrid S. Braslow, J.
The above-named petitioner, having filed a petition in this court, sworn to on September 10, 1996, alleging that the above-named respondent is chargeable with the support of the parties’ three minor children named therein; and
Respondent having appeared before a Hearing Examiner of this court to answer the petition and to show why an order of support and other relief prayed for in the petition should not be granted, and having been advised of the right to counsel; and respondent having denied the allegations of the petition; and
The matter having duly come on to be heard before a Hearing Examiner of this court and the Hearing Examiner having made findings of fact and having entered a final order wherein, inter alia, respondent was directed to pay 100% of the eldest child’s college expenses, and $1,641 per month in child support for the other two children still residing with petitioner; and
Specific written objections to said order of support having been timely filed with this court by respondent after entry of said order, and this court having reviewed the objections and rebuttal filed herein;
Now, after examination and inquiry into the facts and circumstances of the case, it is hereby ordered that the objections are sustained to the extent set forth below.
The parties entered into a separation agreement dated April 29, 1988 (hereinafter referred to as the Agreement), which, inter alia, set forth the respondent’s child support obligation. In article VII, paragraph (c) of the Agreement, the respondent also agreed to pay for the children’s college education and/or vocational school. By agreement dated September 4, 1990, the parties modified the aforesaid Agreement. As to article VII, the child support provisions increased each year from July 1, 1990 through June 30, 1996 on an escalating scale fixed by the parties. With respect to child support after June 30, 1996, the parties agreed to confer “with a view toward reaching an agreement” as to future child support. In the event the parties were unable to agree, either party was free to apply to the court for a determination. The petitioner filed her petition with this court on September 18, 1996 since the parties were unable to reach an accord as to future child support.
Upon a careful review of the record, the Agreement and its subsequent modification, the court agrees with the Hearing *419 Examiner that respondent agreed to pay all of his children’s college expenses. There was neither a cash limitation set forth nor any requirement that respondent consent to the choice of college. In 1988, he agreed to pay all of these expenses, and he is bound by that contract. (See, Matter of Scalabrini v Scalabrini, NYLJ, Oct. 3, 1997, at 31, col 4.)
The question arises as to the extent of respondent’s child support obligation in light of the fact that the eldest child is a full-time college student, living away from home. The Hearing Examiner took respondent’s added financial responsibility into consideration by reducing the child support percentage to 25% from 29% since only two children now reside full time with the custodial parent. The court disagrees with this methodology for two reasons.
First, section 413 (1) (b) (2) of the Family Court Act requires the payment of child support for “any unemancipated child under the age of twenty-one years.” Subdivision (1) (b) (3) of that section sets forth the child support percentage depending upon the number of unemancipated children. In the case at bar, there are three unemancipated children, two live with the petitioner, and one boards away at college. By applying the statutory child support percentage of 25% for two children, the Hearing Examiner, in effect, treats the college student as emancipated, when such is not the case.
Second, it is well established in the Second Department that where the noncustodial parent is contributing to the expenses of a child’s college education there must be a reduction in the amount of support or a credit to such parent toward his contributions to the cost of the child’s education. (See, Reinisch v Reinisch, 226 AD2d 615; Litwack v Litwack, 237 AD2d 580; Vainchenker v Vainchenker, 242 AD2d 620.)
In the case at bar, the parties’ basic child support obligation using a 29% child support percentage is $28,409 per year. Respondent’s pro rata share (found to be 80% by the Hearing Examiner) is $22,844 per year, or $1,904 per month. Utilizing the maxim set forth in the aforementioned cases, respondent should be credited with one third of that amount toward the cost of his contribution to the child’s college expenses.
None of the cases state that the child support percentage should be reduced when one or more of the children are living away at college. In fact, the court finds that under the Hearing Examiner’s calculations, respondent would be paying significantly more than he would be required to pay if the child sup *420 port percentage had been maintained at 29% for all three children.
To illustrate this point, the Hearing Examiner, applying the 25% support percentage for two children, directed respondent to pay $1,641 per month for the two children remaining at home. In addition, she directed him to pay 100% of the eldest child’s college expenses, which were about $16,000 net for the 1996-1997 academic year. Utilizing these numbers, respondent would be paying $19,692 per year in child support ($1,641 x 12 months) plus $16,000 for a total of $35,692. This amount is almost $13,000 more than respondent’s annual pro rata share of child support for three children using the 29% statutory support percentage.
Since one of the three children is away at college, it is both logical and fair to credit respondent with one third of the support obligation to be applied to the cost of the college education. In other words, during any period in which respondent is paying $1,904 per month in child support and one child is living away at college, $635 per month shall be credited toward respondent’s contributions to the cost of the child’s education.
Contrary to respondent’s claim in his objections, he is not to be credited with the full $16,000 college payment as an offset to his total support. The cases he cites, and which this court acknowledges as mandatory authority, do not stand for that proposition.
Accordingly, the objections are sustained as set forth above. The order of support is amended to reflect respondent’s child support obligation of $1,904 per month. He is required to pay 100% of the children’s college expenses as previously agreed to. At the present time, the eldest child is living away at college while the other two children remain at home. Thus, respondent shall be credited $635 per month toward his contributions to the child’s education.