■ LORETTA A. SHERIDAN, Respondent, v JACOB SPERBER, Appellant. [702 NYS2d 894] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of (1) a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered November 20, 1998, and (2) a resettled judgment of the same court, entered March 16, 1999, as, after a nonjury trial, awarded the plaintiff wife maintenance of $5,000 per month until her remarriage or the death of one of the parties, awarded the plaintiff wife child support of $1,560 per month, and directed him to pay for the college education of the parties' child up to an amount equal to the cost of attendance at a "State university".

Ordered that the appeal from the judgment entered November 20, 1998, is dismissed, as it was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment entered March 16, 1999, is modified, on the law, by adding thereto a provision that the amount the defendant contributes to the child's college expenses shall be deducted from his child support obligation; as so modified, the resettled judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Taking into consideration all of the relevant factors, including the standard of living enjoyed by the parties during the marriage, the award of maintenance of $5,000 per month until the plaintiff's remarriage or the death of either party was a provident exercise of discretion (*see,* Domestic Relations Law § 236 [B] [6]; *Summer v Summer,* 85 NY2d 1014; *Shad v Shad,* 213 AD2d 622; *Malamut v Malamut,* 133 AD2d 101; *cf., Zabin v Zabin,* 176 AD2d 262). Furthermore, the direction that the defendant pay college expenses equal to the cost of attendance at a State university upon consultation with him was proper (*see,* Domestic Relations Law § 240 [1-b] [c] [7]; *Matter of Cassano v Cassano,* 203 AD2d 563, *affd* 85 NY2d 649; *Hirsch v Hirsch,* 142 AD2d 138, 145). However, the Supreme Court erred in directing the defendant to pay child support and contribute to the college expenses without including a provision reducing the level of child support or crediting him for any amounts he contributes toward college expenses when the child lives away from home while attending college (*see, Justino v Justino,* 238 AD2d 549; *Litwack v Litwack,* 237 AD2d 580; *Reinisch v Reinisch,* 226 AD2d 615). Therefore, the resettled judgment is modified accordingly.

The defendant's remaining contention is without merit. Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.