■ In the Matter of MICHAEL ROBINSON, Respondent, and NEW YORK CITY DEPARTMENT OF CORRECTION, Appellant, v NEW

York State Division of Human Rights et al., Respondents. [716 NYS2d 47] —Petition of the New York City Department of Correction (DOC), pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louise Gruner Gans, J.], entered February 22, 2000 [Index No. 404407/98]), seeking to annul a determination of respondent New York State Division of Human Rights (DHR) that found it discriminated against Michael Robinson and directed petitioner to pay him $75,000 in compensatory damages, unanimously granted, without costs, and said determination of respondent DHR annulled. Petition of complainant Michael Robinson, pursuant to CPLR article 78 (transferred to this Court by order of the same court and Justice, entered July 9, 1999 [Index No. 122052/98]), which sought to annul so much of DHR's determination as denied his claim of retaliation and for reinstatement with back pay, unanimously denied and dismissed, without costs. In view of this disposition, the appeal from the orders, insofar as they consolidated the proceedings, directed that the pleadings be deemed pleadings in the consolidated proceeding and denied DOC's motion to dismiss complainant's proceeding as time-barred, unanimously dismissed as academic, without costs.

Complainant Michael Robinson began employment as a Correction Officer with appellant DOC in March 1981. His disciplinary problems began in May 1984, when he accepted a command discipline penalty of two pass days for being absent without leave. His employment history reveals a pattern of lateness, unexcused absences and volatile behavior, including use of excessive force against inmates and verbal abuse of superiors and fellow officers.

On June 12, 1987, complainant filed a complaint with DHR, maintaining that DOC discriminated against him on the basis of "perceived disabilities." It alleged that he was ordered to submit to urinalysis and to undergo psychiatric evaluation in connection with charges of attendance and conduct deficiencies during 1984 and 1985, as well as the investigation of an automobile accident on December 19, 1984. On April 18, 1990, complainant filed an amended complaint, together with a second complaint alleging that DOC had retaliated against him in response to DHR's finding of probable cause by first suspending and then terminating him.

On February 26, 1998, Administrative Law Judge Denise Washington found that DOC discriminated against complainant by creating a hostile work environment, based upon a "belief that Complainant was mentally unstable or under the

influence of drugs." The complaint was found to have been timely filed based upon complainant's allegation that charges of being absent without leave were referred on four occasions within the period from July 1986 through June 1987. These charges were found to constitute a "pattern of continuous harassment," with the alleged lateness of June 1, 1987 falling within the statutory time period of one year (Executive Law § 297 [5]; 9 NYCRR 465.3 [e]; *Matter of United States Power Squadrons v State Human Rights Appeal Bd.*, 84 AD2d 318, *affd* 59 NY2d 401).

On this application, DOC notes that complainant was twice found guilty by an Administrative Law Judge of disciplinary charges arising out of two separate incidents. In the first administrative determination, arising out of an incident of August 31, 1985, complainant was found to have delayed the timely departure of officers to Bellevue Hospital and to have acted contemptuously towards his Captain. In the second, arising out of an incident of June 30, 1989, complainant was found to have used excessive force against an inmate and to have made false statements concerning the events. The latter proceeding culminated in complainant's dismissal on March 27, 1990. DOC also contests the finding that the complaints filed with respondent DHR were timely.

The continuous violation exception to the one-year Statute of Limitations applies where there is evidence of specific discriminatory policies or mechanisms (*Lambert v Genesee Hosp.*, 10 F3d 46, 53, *cert denied* 511 US 1052; *Lightfoot v Union Carbide Corp.*, 110 F3d 898). Complainant has not proffered any evidence that the accusation with respect to his lateness on June 1, 1987 had a discriminatory motive. Absent the necessary evidence of discrimination, enforcement of a facially neutral rule does not comprise a continuing practice of intentional discrimination (*see, Gomes v Avco Corp.*, 964 F2d 1330, 1333). Thus, complainant has failed to demonstrate that this accusation is part of DOC's alleged discriminatory pattern of referring him for tests based on a perceived disability (*see, Alimo v Off-Track Betting Corp.*, 258 AD2d 306), and the exception to the Statute of Limitations is inapplicable.

Were we to reach the merits, we would conclude that the complaint of harassment is devoid of merit. There is ample evidence of complainant's erratic and hostile conduct to warrant subjecting him to physical and psychological evaluation. Though the test results were negative, we note that complainant's behavior continued to be erratic. In view of DOC's responsibility for the safety of its officers as well as the inmates

they oversee and its exposure to liability for any injury that might result, its precautions cannot be viewed as unreasonable or discriminatory (*see,* Executive Law § 296 [1] [d] [permitting discrimination as to disability when based upon a bona fide occupational qualification]; *see also, Matter of City of New York v New York State Div. of Human Rights,* 228 AD2d 255). Concur—Sullivan, P. J., Nardelli, Rubin, Saxe and Friedman, JJ.