■ KAREN F. COMSTOCK, Appellant, v RICHARD H. COMSTOCK, JR., Respondent. [766 NYS2d 220]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Spolzino, J.), dated January 15, 2002, which, after a nonjury trial and upon an order of the same court (Dillon, J.), dated October 24, 2001, inter alia, awarded her maintenance in the sum of only $15,000 per month, failed to direct the defendant to purchase life insurance for her benefit, awarded the defendant a credit against child support for the payment of college tuition, room, and board, and awarded the defendant a $45,144 credit against her distributive award for attorney's fees.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by (1) adding a provision thereto directing that the defendant maintain a life insurance policy in the sum of $1,500,000, with the plaintiff as the beneficiary, to be

maintained until the earlier of the plaintiff's remarriage, the plaintiff's death, or May 1, 2011, (2) deleting the 22nd decretal paragraph thereof, and (3) deleting from the 23rd decretal paragraph thereof the words "the exact sum of $228,740.34 representing plaintiff's distributive award of $273,884.34 less defendant's credit for attorney's fees of $45,144.00" and substituting therefor the words "the exact sum of $273,884.34 representing the plaintiff's distributive award"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the order dated October 24, 2001, is modified accordingly.

The plaintiff was awarded maintenance in the sum of $15,000 per month for a period of nine years and seven months, to expire on May 1, 2011. Contrary to the plaintiff's contentions, we find, upon consideration of the relevant factors, including the parties' preseparation standard of living, that the amount of maintenance awarded was a provident exercise of discretion (see Domestic Relations Law § 236 [B] [6]). In particular, we note that the plaintiff has Master's degrees in education and social work and the distributive award included a substantial sum of cash (see Miness v Miness, 229 AD2d 520 [1996]). However, we agree with the plaintiff's contention that the court should have directed the defendant to maintain life insurance in her favor to secure his maintenance obligation (see Domestic Relations Law § 236 [B] [8] [a]; Hartog v Hartog, 85 NY2d 36 [1995]; Wilson v Wilson, 203 AD2d 558 [1994]).

In light of the fact that the defendant was paying for nearly 100% of the college expenses from his separate property, the court properly awarded him a credit against his child support obligations for those payments (see Jablonski v Jablonski, 275 AD2d 692 [2000]; Sheridan v Sperber, 269 AD2d 439 [2000]).

Under the circumstances of this case, the court improvidently exercised its discretion in awarding the defendant a $45,144 credit against the plaintiff's distributive award for attorney's fees. The court concluded that the plaintiff unnecessarily exacerbated the cost of this litigation by proceeding to trial since "the evidence adduced . . . at trial merely bolstered the reasonableness of the [pre-trial] settlement proposal." However, an award of an attorney's fee is designed to redress the economic disparity between the spouses. It is not intended to address a party's decision to proceed to trial rather than agree to a settlement (see O'Shea v O'Shea, 93 NY2d 187 [1999]). Santucci, J.P., S. Miller, Goldstein and Cozier, JJ., concur.