■ Marvin Singer, Appellant, v Susan Singer, Respondent. [792 NYS2d 541]—

In an action for a divorce and ancillary relief, the husband appeals from an order of the Supreme Court, Nassau County (Ross, J.), dated December 17, 2003, which granted the wife's motion for an award of an interim counsel fee in the sum of $100,000, and directed that if such payment was not made within 20 days of the date of the order, he would be precluded from proffering any testimony or evidence as to claims of separate property or equitable distribution at trial.

Ordered that the order is modified, on the law, by deleting the provision thereof directing that if payment of the interim counsel fee was not made within 20 days of the date of the order, the husband would be precluded from proffering any testimony or evidence as to claims of separate property or equitable distribution at trial; as so modified, the order is affirmed, without costs or disbursements.

We reject the husband's contention that the Supreme Court erred in awarding the wife an interim counsel fee without first conducting a full evidentiary hearing (see Cappelli v Cappelli, 293 AD2d 438 [2002]; Meyer v Meyer, 229 AD2d 354 [1996]; Gruen v Krellenstein, 233 AD2d 252 [1996]; Flach v Flach, 114 AD2d 929 [1985]). Moreover, the court providently exercised its discretion in awarding the wife an interim counsel fee in the sum of $100,000 based upon, inter alia, the financial disparity between the parties, the husband's obstreperous conduct which unnecessarily protracted the litigation, and the quality of the representation afforded the wife by her counsel (see Domestic Relations Law § 237 [a]; O'Shea v O'Shea, 93 NY2d 187 [1999]).

However, the husband correctly contends that the Supreme Court improperly directed that if payment of the interim counsel fee was not made within 20 days of the date of the order, he would be precluded from proffering any testimony or evidence as to claims of separate property or equitable distribution at the trial of the action. A conditional order of preclusion is not an available mechanism to enforce an order directing payment of an interim counsel fee award (see Domestic Relations Law §§ 241, 244, 245).

The husband's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur. [See 1 Misc 3d 905(A), 2003 NY Slip Op 51519(U) (2003).]