■ SAMMY BENZAKEN, Appellant, v ARETINA BENZAKEN, Respondent. [799 NYS2d 579]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of a resettled amended judgment of the Supreme Court, Kings County (Ambrosio, J.), dated July 8, 2004, as, after a nonjury trial, directed him to pay spousal maintenance in the sum of $350 per week for three years retroactive to August 8, 2003, to obtain a life insurance policy in order to secure the award of mainte-

nance, and to pay the wife an attorney's fee in the sum of $4,000.

Ordered that the resettled amended judgment is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in awarding the wife maintenance in the sum of $350 per week for a period of three years retroactive to August 8, 2003. "It is axiomatic that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts" (*Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]). "[O]ne of the purposes of an award of maintenance is to encourage economic independence" (*Ventimiglia v Ventimiglia*, 307 AD2d 993, 995 [2003]). The Supreme Court properly evaluated the factors listed in Domestic Relations Law § 236 (B) (6) (a) in determining the maintenance award. The husband lives in a house owned by his mother and pays no rent. He also reported having $207,729.83 in assets and no liabilities. Moreover, he retained sole ownership of the family business pursuant to the resettled amended judgment. Although the wife has significant savings, she is unemployed and requires training to find employment. An award of maintenance for a period of three years is sufficient to enable the plaintiff to complete a course of training and obtain employment (*see Ventimiglia v Ventimiglia, supra; Unterreiner v Unterreiner*, 288 AD2d 463 [2001]).

The Supreme Court providently exercised its discretion in directing the husband to procure a life insurance policy as security for his maintenance obligation (*see* Domestic Relations Law § 236 [B] [8] [a]; *Corless v Corless*, 18 AD3d 493, 494 [2005]; *Comstock v Comstock*, 1 AD3d 307, 308 [2003]).

"The evaluation of what constitutes reasonable counsel fees is a matter within the sound discretion of the trial court" (*Lefkowitz v Van Ess*, 166 AD2d 556, 556 [1990]; citing *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). The trial court is in the best position to judge the factors integral to determining counsel fees, such as the time, effort, and skill required (*see Feldman v Feldman*, 194 AD2d 207, 219 [1993]). "A court must consider the equities and circumstances of each particular case and [the parties'] respective financial positions in determining a counsel fee application" (*Palumbo v Palumbo*, 10 AD3d 680, 682 [2004]). In light of the disparity between the economic circumstances of the parties, the Supreme Court providently exercised its discretion in directing the husband to pay the wife an attorney's fee in the sum of $4,000. Prudenti, P.J., Goldstein, Crane and Mastro, JJ., concur.