NANCY E. NAVIN, Respondent, v RICHARD NAVIN, Appellant. [803 NYS2d 641]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) stated portions of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), entered September 3, 2003, which, after a nonjury trial, inter alia, awarded the plaintiff maintenance in the sum of $540

per week and child support in the sum of $408.80 per week for the parties' unemancipated child, (2) a judgment of the same court entered September 3, 2003, which is in favor of the plaintiff and against him in the principal sum of $54,782.77 for the educational expenses of the parties' two children, (3) a qualified domestic relations order of the same court also entered September 3, 2003, (4) a qualified life insurance support and child support order of the same court also entered September 3, 2003, (5) a qualified medical child support order of the same court also entered September 3, 2003, (6) stated portions of an order of the same court dated October 27, 2003, which, among other things, directed the entry of a money judgment in favor of the plaintiff and against him in the sum of $754,673.51, and (7) a judgment of the same court entered November 5, 2003, which is in favor of the plaintiff's attorney and against him in the sum of $160,400.74.

Ordered that the judgment of divorce entered September 3, 2003, is modified, on the law, by deleting the decretal paragraph awarding the plaintiff child support in the sum of $408.80 per week for the parties' unemancipated child; as so modified, the judgment of divorce is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the defendant's child support obligation in accordance herewith; and it is further,

Ordered that the judgment entered September 3, 2003, the qualified domestic relations order, the qualified life insurance support and child support order, the qualified medical child support order, and the judgment entered November 5, 2003, are affirmed; and it is further,

Ordered that the order dated October 27, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant; and it is further,

Ordered that pending the new determination of the defendant's child support obligations, the defendant shall pay the plaintiff child support in the sum of $350 per week, with any overpayment to be credited against future payments after entry of the amended judgment.

In calculating the defendant's child support obligation, the Supreme Court failed to reduce the defendant's income by the amount of maintenance paid to the plaintiff before determining his child support obligation, and failed to direct a concomitant increase in the child support obligation upon the termination of the maintenance obligation (see Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Parise v Parise,* 13 AD3d 504, 505 [2004];

*Miller v Miller,* 299 AD2d 463, 464 [2002]; *Rohrs v Rohrs,* 297 AD2d 317, 318 [2002]).

Further, while the Supreme Court properly directed the defendant to pay a proportionate share of the children's educational expenses, it was error to do so without including a provision that the amount that the defendant contributes to the room and board expenses of the unemancipated child's school while the child is away from home and at school shall be deducted from the defendant's child support obligation (*see Rohrs v Rohrs, supra; Sheridan v Sperber,* 269 AD2d 439, 440 [2000]; *Imhof v Imhof,* 259 AD2d 666, 667 [1999]; *Justino v Justino,* 238 AD2d 549, 550 [1997]).

The defendant's remaining contentions are without merit. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.