■ In the Matter of GINA M. PANE, Appellant, v VINCENT P. PANE, Respondent. [809 NYS2d 179]—

In a proceeding pursuant to Family Court Act article 6, inter alia, to modify the visitation provisions of a stipulation of settlement dated April 17, 1998, the terms of which were incorporated but did not merge into a judgment of divorce entered August 26, 1998, the petitioner former wife appeals from so much of an order of the Family Court, Nassau County (Pessala, J.), dated April 19, 2005, as denied her motion for an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

An award of a reasonable attorney's fee in a matrimonial action is a matter within the sound discretion of the trial court (see Domestic Relations Law § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879 [1987]; Benzaken v Benzaken, 21 AD3d 391 [2005]).

The Family Court providently exercised its discretion in denying the petitioner's request for an attorney's fee. The parties'

annual incomes are relatively equal, and based upon our review of the record, it does not appear that the respondent unnecessarily protracted the parties' dispute or that his request that the parties' son undergo a psychological evaluation was made without good faith. Accordingly, we decline to disturb the Family Court's denial of the motion for an award of an attorney's fee to the petitioner (*see DeCabrera v Cabrera-Rosete, supra*; *Benzaken v Benzaken, supra*; *Comstock v Comstock*, 1 AD3d 307 [2003]; *Matter of Robinson v New York State Div. of Human Rights*, 277 AD2d 76 [2000]; *cf. Singer v Singer*, 16 AD3d 666 [2005]; *Matter of O'Shea v Parker*, 16 AD3d 510 [2005]).

In light of our determination, we need not address the parties' remaining contentions. Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.