■ LYNDA KESSLER, Respondent, v JOHN A. KESSLER, Appellant. KRAMER KOZEK, LLP, Nonparty Respondent. [850 NYS2d 596]—

In an action for a divorce and ancillary relief, the defendant appeals, (1) as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated April 18, 2006, which, upon findings of fact and conclusions of law dated April 18, 2006, made after a nonjury trial, inter alia, directed him to pay child support in the sum of $3,520 per month and awarded the plaintiff one half of the sum of $492,610, representing income and distributions from his solely-owned corporation, (2) from a money judgment of the same court dated August 28, 2006, which is in favor of the attorney for the plaintiff and against him in the principal sum of $100,000, (3), as limited by his brief, from an order of the same court entered October 16, 2006, and (4), as limited by his brief, from stated portions of an amended judgment of the same court dated November 9, 2006, which, upon the order entered October 16, 2006, inter alia, directed him to pay child support in the sum of $3,520 per month, directed him to pay the sum of $42,100 as retroactive child support, directed that he pay 67.6% of (a) all child care expenses of the plaintiff, retroactive to March 29, 2006, (b) the cost of the health insurance of the parties' children, (c) unreimbursed medical, dental, and related expenses of the parties' children, and (d) the children's extracurricular activities, awarded the plaintiff the sum of $278,002.08 as her distributive share (one half of $556,004.15) of certain real estate accounts, directed him to pay the sum of $8,785.03 directly to the plaintiff for certain unpaid child support "add-ons," directed that the defendant pay the plaintiff at a rate of not less than $8,000 per month until the sum of $328,877.11 is paid in full, and awarded the plaintiff one half of the sum of $492,610, representing income and distributions from his solely-owned corporation.

Ordered that the appeals from the judgment dated April 18, 2006 and the money judgment dated August 28, 2006 are dismissed, without costs or disbursements, as the judgment dated April 18, 2006, and the money judgment were superseded by the amended judgment dated November 9, 2006; and it is further,

Ordered that the appeal from the order entered October 16, 2006 is dismissed, without costs or disbursements; and it is further,

Ordered that the amended judgment dated November 9, 2006 is modified, on the law, the facts, and in the exercise of discretion, by deleting the 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 15th, 16th,

19th, and 20th decretal paragraphs thereof, and by adding thereto a new decretal paragraph directing the plaintiff "to make all family photographs available to the defendant for 30 days so that he may duplicate them"; as so modified, the amended judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith, and thereafter for the entry of a second amended judgment; and it is further,

Ordered that in the interim the 3rd, 4th, 5th, 6th, 7th, 8th, 9th, and 16th decretal paragraphs of the amended judgment shall remain in full force and effect.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]).

The parties were married in New York on June 8, 1996. Four days before their marriage, the parties entered into a prenuptial agreement (hereinafter the agreement) that essentially left the plaintiff with little or nothing in the event that the parties divorced. After the plaintiff commenced this action on March 25, 2002 the parties agreed that the Supreme Court should first determine the validity and enforceability of the prenuptial agreement. The Supreme Court (Spolzino, J.), in an order entered April 19, 2004, refused to void the entire agreement and found that the defendant had not breached the agreement, but voided, as unconscionable, that part of the agreement waiving the right to an attorney's fee. The defendant appealed from the latter part of the order, and this Court, in an opinion by Justice Ritter (*Kessler v Kessler*, 33 AD3d 42 [2006]), affirmed.

In pertinent part, the parties' prenuptial agreement provides that "[a]ny property acquired during the course of the marriage . . . with [the defendant's] sole and separate funds and which is owned in his sole name or with other person or persons other than [the plaintiff]" will be deemed the defendant's separate property. Further, in the event of a termination of the marriage other than by death, "[w]hatever property the parties have accumulated during the course of their marriage, excluding separate property as defined herein . . . shall be divided between the parties, in equal shares, when practicable." Further, paragraph 6 of the prenuptial agreement obligated the parties, during the marriage, to "pool certain of their income for the

benefit of each other and for the maintenance of the household, by making regular deposits to a checking or similar account (hereinafter Household Account). Both parties will make regular and equal deposits to the Household Account." The evidence adduced at trial established that both parties complied with paragraph 6.

The Supreme Court categorized, as marital property, the sum of $492,610, representing income and distributions from the defendant's solely-owned corporation, Indoor Courts of America, Inc. (hereinafter ICA), that the defendant deposited into his separate so-called "real estate accounts." This was erroneous, as there is no evidence that the defendant deposited those funds into his separate real estate accounts to evade the requirement set forth in the prenuptial agreement that he make "regular and equal deposits" into the joint household account. Instead, the evidence demonstrates that he used this "excess" income to maintain the marital home and to purchase and maintain real property solely owned by him or his closely-held corporations. Accordingly, no ground exists to deem those funds marital property.

Turning to the Supreme Court's calculation of the defendant's adjusted annual gross income (hereinafter AGI) for purposes of the Child Support Standards Act (hereinafter CSSA) (see Domestic Relations Law § 240 [1-b]), the Supreme Court erred in not reducing the defendant's gross rental income by the amount of his expenses for those rental properties (i.e., real estate taxes, out-of-pocket expenses, insurance, etc.) (see Domestic Relations Law § 240 [1-b] [b] [5] [ii]; Coull v Rottman, 35 AD3d 198, 199 [2006]; Cassara v Cassara, 1 AD3d 817, 820 [2003]).

The Supreme Court's award to the plaintiff of $100,000 as an attorney's fee was a provident exercise of its discretion and will not be disturbed (see Domestic Relations Law § 237 [a]; Matter of Pane v Pane, 26 AD3d 386 [2006]).

In addition, although the plaintiff claims that she has provided the photographs requested by the defendant, rendering academic his request for an order directing her to provide such photographs, she did not provide any specifics on when and how she produced the requested photographs; in light of the defendant's unequivocal denial that such production occurred, the amended judgment must be modified to add a decretal paragraph directing the plaintiff to make all family photographs available to the defendant for 30 days so that he may duplicate them.

In summary, upon remittal, the Supreme Court must (1) reduce the plaintiff's equitable distribution share of the

defendant's real estate account funds from one half of the sum of $556,004.15 to one half of the sum of $63,394.15, a sum which the defendant now concedes is subject to equitable distribution, and (2) recalculate the defendant's AGI for CSSA purposes by reducing his AGI by the amount of his expenses for ·the rental properties, and accordingly recalculating the parties' obligations for child support and related expenses, pursuant to the CSSA.

The defendant's remaining contentions are without merit. Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.