■ In the Matter of STEVEN C. LEVY, Respondent, v DOLORES M. LEVY, Appellant. [860 NYS2d 617]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Lawrence, J.), dated June 18, 2007, which denied her objections to an order of the same court (Kahlon, S.M.), dated December 15, 2006, granting the father's petition for downward modification of his child support obligation as set forth in a judgment of divorce entered April 19, 2005, to the extent of reducing his child support obligation from the sum of $2,400 per month to the sum of $1,448.12 per month.

Ordered that the order dated June 18, 2007 is modified, on the law, by deleting the provision thereof denying the mother's objection to so much of the order dated December 15, 2006 as granted the father's petition for downward modification of his child support obligation to the extent of reducing his child support obligation from the sum of $2,400 per month to the sum of $1,448.12 per month, and substituting therefor a provision sustaining that objection, and vacating the provision of the order dated December 15, 2006 granting the father's petition for downward modification of his child support obligation to the extent of reducing his child support obligation from the sum of $2,400 per month to the sum of $1,448.12 per month; as so modified, the order dated June 18, 2007 is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a new determination of the father's child support obligation in accordance herewith.

The parties to this long-term marriage have three children. In 2003 they entered into a stipulation of settlement which was incorporated but not merged in the parties' judgment of divorce, entered April 19, 2005. The stipulation of settlement provided, in relevant part, that the father was responsible for paying $2,400 per month in child support to the mother, and that the parties would each pay one half of the children's "college expenses." It further stated that: "At such time as a Child attends college [,] the amount of Child Support shall be readjusted in accordance with *Reinisch v Reinisch* (226 AD2d 615 [1996])."

In October 2006, after the parties' oldest child started college, the father commenced this proceeding for a downward modification of his child support obligation, requesting that it be reduced "as per divorce judgment." The Support Magistrate granted the father's petition to the extent of reducing his child support obligation from the sum of $2,400 to the sum of $1,448.12 per month. The Family Court denied the mother's objections to that support order, and we now modify.

Pursuant to a court order or a stipulation of settlement, a parent may be directed as part of his or her basic child support obligation to contribute to a child's college educational expenses (*see* Domestic Relations Law § 240[1-b] [c] [7]; *Comstock v Comstock,* 1 AD3d 307, 308 [2003]; *Jablonski v Jablonski,* 275 AD2d 692 [2000]; *Sheridan v Sperber,* 269 AD2d 439, 440 [2000]). In *Reinisch v Reinisch* (226 AD2d at 616), we held that a noncustodial parent paying child support while contributing to the expenses of a child's college education is entitled to a credit for the amounts contributed to college expenses during periods when the child lives away from home (*see Imhof v Imhof,* 259 AD2d 666, 667 [1999]; *Justino v Justino,* 238 AD2d 549, 550 [1997]; *Matter of McLoughlin v McLoughlin,* 213 AD2d 650, 651 [1995]). Relevant to the matter at bar, *Reinisch* cited to *Guiry v Guiry* (159 AD2d 556 [1990]), which provided that the credit for college expenses includes solely those expenses that are associated with the cost of the child's "room and board" (*id.* at 557; *see Lincer v Lincer,* 30 AD3d 381, 382 [2006]; *Navin v Navin,* 22 AD3d 474, 476 [2005]; *Wortman v Wortman,* 11 AD3d 604, 607 [2004]; *Rohrs v Rohrs,* 297 AD2d 317, 318 [2002]), not for college tuition costs (*see Azizo v Azizo,* 51 AD3d 438 [2008]; *Lee v Lee,* 18 AD3d 508, 512 [2005]).

In further refining the calculation of child support credits for college expenses, it is not the payor's overall child support obligation "that might properly be reduced on account of his payment of 'college expenses' on behalf of one or more of those children; rather, [it is] the 'college expenses' paid on behalf of

one particular child, or on behalf of some particular children, [which] could properly serve as a credit only with respect to so much of the [payor]'s overall child support obligation as relates to such particular child or children" (*Lee v Lee,* 18 AD3d at 512; *see Saslow v Saslow,* 305 AD2d 487, 489 [2003]).

Applying these principles here, the Family Court erred in crediting the father with 50% of the total college expenses, rather than 50% of the room and board portion of college expenses. The court also erred in applying the credit to the father's total child support obligation instead of to that portion of the child support obligation attributable to the particular child in college (*see Navin v Navin,* 22 AD3d at 476; *Lee v Lee,* 18 AD3d at 512; *Matter of P.St.J. v P.J.T.,* 175 Misc 2d 417, 420 [1997]). Accordingly, the matter must be remitted to the Family Court, Nassau County, for a new determination of the father's child support obligation.

The mother's remaining contentions are without merit. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.