■ In the Matter of AGNES ATAANDE, Respondent, v NORBERT ATAANDE, Appellant. [909 NYS2d 124]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Klein, J.), dated October 20, 2009, as denied his objection to so much of an order of the same court (Krahulik, S.M.), entered August 13, 2009, as, after a hearing, fixed his arrears for child support in the sum of $20,325.79, reflecting his pro rata share of the college loan obtained by the mother for the son's college costs.

Ordered that the order dated October 20, 2009, is reversed insofar as appealed from, on the law, with costs, the father's objection to so much of an order entered August 13, 2009, as, after a hearing, fixed his arrears for child support in the sum of $20,325.79 is granted, and the matter is remitted to the Family Court, Westchester County, for a new determination of the amount of the father's child support obligation in accordance herewith.

The Family Court properly directed the father to pay a pro rata share of the parties' son's college costs and expenses. However, it was error to do so without directing that the father's child support obligation be reduced by any amounts he contributed toward room and board during those periods of time when the son lived away from the mother's home while attending college (*see Matter of Iadanza v Boeger*, 58 AD3d 733, 733-734 [2009]; *Matter of Levy v Levy*, 52 AD3d 717, 718 [2008]; *Rohrs v Rohrs*, 297 AD2d 317 [2002]; *Reinisch v Reinisch*, 226 AD2d 615, 616 [1996]; *Fishkin v Fishkin*, 201 AD2d 202, 207-208 [1994]). Accordingly, the matter must be remitted to the Family Court, Westchester County, for a new determination of the father's child support obligation (*see Matter of Iadanza v Boeger*, 58 AD3d at 733; *Matter of Levy v Levy*, 52 AD3d at 719; *Navin v Navin*, 22 AD3d 474, 476 [2005]).

The father's remaining contentions are either unnecessary to address in light of our determination or improperly raised for the first time on appeal. Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.