■ RAYMOND A. POWERS, Respondent, v CATHERINE M. WILSON, Appellant. [916 NYS2d 526]—

In a matrimonial action in which the parties were divorced by judgment entered August 29, 2006, the defendant appeals (1), as limited by her brief, from so much of an amended order of the Supreme Court, Westchester County (Berliner, J.), dated August 21, 2009, as granted the plaintiff's, in effect, renewed motion to reduce his child support obligation for the parties' son by the sum that the plaintiff contributed toward that child's college room and board costs during the 2008/2009 academic year, and (2) from an order of the same court dated July 28, 2010, which granted the plaintiff's motion to reduce his child support obligation for the parties' son by the sum that the plaintiff contributed toward that child's college room and board costs during the 2009/2010 academic year.

Ordered that the amended order dated August 21, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 28, 2010, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Generally, a noncustodial parent paying child support is entitled to a reduction in that support for the amounts contributed toward room and board expenses during periods when a child lives away from home (*see Matter of Ataande v Ataande*, 77 AD3d 742 [2010]; *Matter of Iadanza v Boeger*, 58 AD3d 733, 733-734 [2009]; *Reinisch v Reinisch*, 226 AD2d 615, 616 [1996]). Contrary to the defendant's contention, the Supreme Court properly reduced the plaintiff's child support obligation for the 2008/2009 and the 2009/2010 academic years, by the sums that the plaintiff expended on the son's college

room and board costs (*see e.g. Lee v Lee*, 18 AD3d 508, 512 [2005]).

The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.