■ In the Matter of WILLIAM WOOD, Respondent, v ANDREA WOOD, Appellant. [963 NYS2d 649]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about August 8, 2012, which denied respondent mother's objection to the Support Magistrate's order modifying an order of support, to the extent it awarded petitioner father a credit of 15% or $34.07 per week as an offset against his basic child support obligation for his payment of the child's college room and board expenses, unanimously modified, on the facts, to the extent of adjusting the credit to $28.95 per week, and otherwise affirmed, without costs.

The Support Magistrate properly awarded petitioner the credit toward his child support obligation, since "a noncustodial parent paying child support is entitled to a reduction in that support for the amounts contributed toward room and board expenses during periods when a child lives away from home" (*Powers v Wilson*, 81 AD3d 803, 803 [2d Dept 2011], *lv denied* 17 NY3d 702 [2011]; *see Azizo v Azizo*, 51 AD3d 438, 439 [1st Dept 2008]). Respondent's argument that there is no mention

or contemplation of a credit or offset to child support obligations in the stipulation of settlement is unpersuasive, since the parties never reached an agreement on how the child's college education expenses would be paid. Indeed, the plain language of the college education provision in the stipulation of settlement constituted nothing more than "an unenforceable agreement to agree" (*Schneider v Jarmain*, 85 AD3d 581, 582 [1st Dept 2011]).

The order is modified to the extent indicated because the subject credit to petitioner was improperly calculated. It appears that the $34.07 amount was arrived at based upon the assumption that petitioner would be paying 100% of the child's room and board expenses. The child's annual expenses for room and board consists of $11,810, and petitioner is obligated to pay 85% of those expenses or $10,038.50. Accordingly, petitioner is entitled to a credit of 15% of this amount or $1,505.77 divided by 52 weeks, which amounts to $28.95 per week. Concur—Tom, J.P., Acosta, Román, Feinman and Clark, JJ.