In the Matter of LINDA R. TRENT, Respondent, v ROLAND A. ALBURG, Appellant. [63 NYS3d 684]—

Appeal by the father from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated February 6, 2017. The order denied the father's objections to an order of that court (Aletha V. Fields, S.M.) dated December 6, 2016, which, after a hearing, granted the mother's petition to modify a prior order of support so as to direct him to pay 50% of the college expenses of the parties' child.

Ordered that the order dated February 6, 2017, is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order dated December 6, 2016, as failed to award him a credit against his child support obligation for the amount he contributes to the room and board portion of the child's college expenses for any period in which the child primarily resides at college, and substituting therefor a provision granting that objection and modifying the order dated December 6, 2016, accordingly; as so modified, the order dated February 6, 2017, is affirmed, without costs or disbursements.

The parties have one child together. The mother commenced this proceeding to modify an order of support dated September 23, 2014, so as to direct the father to equally contribute to the child's college expenses. After a hearing, in an order dated December 6, 2016, the Support Magistrate granted the petition and directed the father to pay 50% of the child's college expenses, capped at the cost to attend the State University of New York at Stony Brook, after the deduction of grants, scholarships, and awards. The Support Magistrate did not make a determination as to the child's actual college costs. The father

filed objections to the Support Magistrate's order. In an order dated February 6, 2017, the Family Court denied the father's objections, and the father appeals.

The record does not support the father's contention that the Support Magistrate's order is unjust because it requires him to pay an amount for child support and college expenses that he contends exceeds his claimed and imputed income (*see Horn v Horn*, 145 AD3d 666, 668 [2016]; *Matter of Rabasco v Lamar*, 106 AD3d 1095, 1095 [2013]). However, the Support Magistrate's order should have included a provision awarding the father a credit against his child support obligation for any amount that he contributes toward college room and board for those periods when the child primarily resides at college (*see Navin v Navin*, 22 AD3d 474, 476 [2005]; *Jablonski v Jablonski*, 275 AD2d 692 [2000]; *Justino v Justino*, 238 AD2d 549, 550 [1997]; *see also Matter of Tannenbaum v Gilberg*, 134 AD3d 846, 847 [2015]).

The father's contention that the amount of his child support payments should have been adjusted to reflect his imputed income was not before the Support Magistrate and, accordingly, is not properly before this Court (*see Gorelik v Gorelik*, 85 AD3d 856, 857 [2011]; *see generally Matter of Rubenstein v Rubenstein*, 114 AD3d 798, 799 [2014]).

The father's remaining contentions are without merit. Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.