Brown v City of New York (2026 NY Slip Op 00188)

Brown v City of New York

2026 NY Slip Op 00188

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 300434/17|Appeal No. 5633|Case No. 2024-06872|

[*1]Nacirra Brown, as Administrator of the Estate of Jamel Brown, Plaintiff-Respondent,
vThe City of New York, Defendant, New York City Housing Authority, Defendant-Appellant.

Herzfeld & Rubin, P.C., New York (Howard S. Edinburgh of counsel), for appellant.
Sonin & Genis, LLC, Bronx (Robert J. Genis of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about October 17, 2024, which, to the extent appealed from, denied the motion of defendant New York City Housing Authority (NYCHA) for a protective order under CPLR 3103(a), and directed NYCHA to produce the requested discovery within 30 days of the date of the order, unanimously modified, on the law, to the extent of granting so much of the motion as seeks a protective order with respect to demand numbers 1 through 4 of plaintiff's June 10, 2022 notice for discovery and inspection, and those demands vacated, and otherwise affirmed, without costs.
NYCHA demonstrated that it provided plaintiff with documents responsive to demand numbers 1 through 4 in its responses dated October 18, 2019 and November 22, 2019, including elevator work orders, inspection notes, shop logs, maintenance schedules, and violation logs for the two years prior to the accident, as well as the drawing of the elevator dated June 10, 1963, building inspection reports, caretaker log, the accident report for the subject accident, and the NYCHA Standard Procedure Manual Procedure. Plaintiff's opposition neither argued nor demonstrated that discovery provided in those responses was inadequate. Accordingly, the court should have granted NYCHA's motion with respect to those demands.
However, the court providently exercised its discretion in denying NYCHA's motion for a protective order for demand requests 5 through 22. The discovery sought in those demands is "likely to contain material and necessary information as to the claims a[t] issue" (ARK292 Doe v Archdiocese of New York, 242 AD3d 501 [1st Dept 2025]; Asphalt Maintenance Servs. Corp. v Oneil, 174 AD3d 562, 564 [2d Dept 2019]). Demand numbers 5 through 12, which seek all documents related to certain elevator violations by violation number, are proper because they "specified target documents with sufficient precision" (Gruen v Krellenstein, 233 AD2d 252, 253 [1st Dept 1996]). Further, a review of NYCHA's prior responses reveals that NYCHA did not fully address those requests.
With respect to demand numbers 13 through 22, which seek documents related to an investigation into the accident by the New York City Department of Investigations (DOI), NYCHA requests that this Court take judicial notice of a March 2016 report published by DOI on its official website discussing its investigative findings regarding the subject accident and a subsequent fatal elevator accident in a different NYCHA building. NYCHA claims that the report establishes that information regarding the subsequent accident is irrelevant as to the issue of prior notice. We decline to do so because the DOI's investigative findings as to what contributed to the subject accident and the subsequent accident are not of sufficient authenticity and reliability to warrant judicial notice. The investigative findings reflect evidentiary facts that are subject to dispute or courtroom factfinding, and are not the type of "widely accepted and unimpeachable information that is the proper subject of judicial notice" (see Golden v EcoHealth Alliance, Inc., 241 AD3d 1198, 1198-1199 [1st Dept 2025]).
As to the demands themselves, Supreme Court providently exercised its discretion in determining that the discovery sought by plaintiff in demands 13 through 22 was proper. Those requests are reasonably calculated to lead to the discovery of information bearing on the claims in this action (see Longo v Armor El. Co., 278 AD2d 127, 129 [1st Dept 2000]). Plaintiff demonstrated that the requested discovery is "material and necessary" because, even though the fatal accident occurred after the subject accident and in a different building, the sought-after documents may produce evidence of NYCHA's prior notice of mechanical issues concerning the building elevators (CPLR 3101 [a]; see Baxter v Orans, 63 AD2d 875, 875 [1st Dept 1978]).
The affirmation of Sandra Lide-Diaz, a NYCHA Executive Assistant in the Elevator Services and Repair Department who searched NYCHA's files and her emails for documents provided to DOI for its investigation, did not satisfy the requirements of a bona fide Jackson affidavit. The affirmation did not include relevant details including when the search was performed; what efforts, if any, were made to preserve NYCHA's relevant documents; whether those records were routinely destroyed; or whether a search was conducted in every location where the records were likely to be found (see Jackson v City of New York, 185 AD2d 768, 770 [1st Dept 1992]).
Finally, the fact that plaintiff may have been able to access the sought-after documents from DOI by making a FOIL request does not preclude plaintiff from seeking these records directly from NYCHA in discovery (see Z.D. v MP Mgt., LLC, 150 AD3d 550, 552 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026