■ JILL C. SKIDELSKY, Respondent-Appellant, v BARRY D. SKIDELSKY, Appellant-Respondent. [719 NYS2d 88] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered October 4, 1999, which, insofar as appealed from, denied defendant father's motion for the appointment of a law guardian and forensic psychologist and for an immediate hearing on the issue of transfer of custody or expanded visitation rights, and granted plaintiff mother's cross motion to restrain the father from orally communicating with her except in an emergency and for an award of counsel fees to the extent of awarding $17,500, unanimously modified, on the law and the facts, to vacate the restraint against oral communications and the award of counsel fees, the matter remanded for a hearing on the issue of whether there should be an award of counsel fees, and, if so, in what amount, and otherwise affirmed, without costs.

The record supports the motion court's finding that the mother has not willfully interfered with the father's relationship with the child and that her continued custody of the child is otherwise in the child's best interests (*see, Eschbach v Eschbach*, 56 NY2d 167, 173-174). There was no need for a hearing since sufficient information to render an informed decision had been provided by the papers submitted on the instant motions, the papers submitted on prior motions for identical relief before another Justice, two prior extensive decisions by the other Justice delineating the parties' contentions, and the impressions gained by the motion court in an in camera interview of the child (*see, Matter of Vangas v Ladas*, 259 AD2d 755; *Melnitzky v Melnitzky*, 278 AD2d 2). The same evidence shows that there is no need for either a law guardian or forensic expert (*see, Matter of Thompson v Thompson*, 267 AD2d 516, 519). Concerning visitation, the motion court's schedule comports with the parties' settlement agreement, whereas the father's proposals clearly do not, and, absent a showing of a material change of circumstances warranting major modifications of the settlement agreement, the schedule fixed by the motion court should not be disturbed.

However, the award of $17,500 in counsel fees to the mother was improper, the record being unclear as to the mother's ability to pay her attorney, and utterly devoid of evidence pertinent to the reasonable value of the services that were rendered or

how the motion court arrived at the $17,500 figure. Accordingly, we vacate the award of counsel fees and remand for a hearing thereon. We also modify to vacate the prohibition against the father's orally communicating with the mother. The written correspondence relied on by the mother does not indicate the kind of abuse or threat as might warrant such a restraint. Concur—Nardelli, J. P., Rubin, Saxe and Friedman, JJ.