■ GEORGIA P. BLAU, Respondent, v SHAWN BLAU, Appellant, et al., Defendants. [766 NYS2d 347] —Order, Supreme Court, New York County (John Stackhouse, J.), entered on or about January 16, 2003, which granted reargument and renewal and ordered defendant to pay all arrears of court-ordered nanny and school expenses by close of business on January 17, 2003, held that delay in payment would be punishable by contempt, and ordered defendant to pay plaintiff's pendente lite attorneys' fees of $50,000 plus $25,000 costs and disbursements, unanimously modified, on the law, to delete the requirement to pay pendente lite attorneys' fees, and otherwise affirmed, without costs. Order, same court and Justice, entered April 18, 2003, which held defendant in contempt for failing to pay $10,600 in child support arrears and ordered him to pay attorneys' fees of $7,000, unanimously affirmed, without costs.

"The determination of an application for interim counsel fees in a divorce action is committed to the sound discretion of the trial court" (*Gruen v Krellenstein*, 233 AD2d 252, 252-253 [1996]), and an evidentiary hearing is not necessary since the court is normally afforded an "ample opportunity to evaluate the legal services rendered" (*Aronesty v Aronesty*, 202 AD2d 240 [1994]). However, the award of $75,000 in legal fees, at this juncture, was unsupported since the record is "devoid of evidence pertinent to the reasonable value of the services that were rendered or how the motion court arrived at the * * * figure" (*Skidelsky v Skidelsky*, 279 AD2d 356, 356-357 [2001]; *see also Dunne v Dunne*, 172 AD2d 482 [1991]; *Cwiklinski v Cwiklinski*, 115 AD2d 951 [1985]).

While plaintiff met her burden of proving prima facie willful violation, defendant failed to meet his burden to demonstrate his inability to pay the court-ordered preschool and nanny costs (*see* Domestic Relations Law § 244; *Powers v Powers,* 86 NY2d 63, 68-69 [1995]). The court properly exercised its discretion in awarding attorneys' fees in connection with the contempt proceedings since counsel's affidavit specified in detail the time spent, the hourly rate and the nature and extent of services rendered (*see Skidelsky v Skidelsky* at 356-357).

We have considered defendant's remaining arguments and find them to be unavailing. Concur—Nardelli, J.P., Andrias, Ellerin and Gonzalez, JJ.