GEORGIA PANAGOPOULOS BLAU, Respondent, v SHAWN BLAU, Appellant, et al., Defendants. [803 NYS2d 59]—

Revised amended order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered February 24, 2005, directing defendant to pay plaintiff's pendente lite attorneys' fees of $103,666 and $7,722.54 in costs and disbursements, and determining that plaintiff's counsel was entitled to a charging lien of $16,054 for attorneys' fees and $2,024 for costs and disbursements, unanimously affirmed, without costs.

Despite the husband's insistence that prior courts' orders concluding that plaintiff was not entitled to interim attorneys' fees constitute the law of the case, they were not binding on this Court when it rendered its decision in *Blau v Blau* (309 AD2d 672 [2003]), since it is not a coordinate, but a higher tribunal (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Rager v McCloskey*, 305 NY 75, 78 [1953]). Our prior decision did indicate that plaintiff would be entitled to interim attorneys' fees upon submission of evidence pertinent to the reasonable value of the services that were rendered and a decision showing how the motion court arrived at its award (309 AD2d at 672; Domestic Relations Law § 237 [a]). We are now satisfied with counsel's submissions and the court's reasoning.

Insofar as defendant maintains that the court erred in altering its amended order following an ex parte communication with plaintiff's counsel, as reflected by the record, clearly defendant's attorney received plaintiff's counsel's letter, undermining his claim that it was ex parte. In any event, the changes plaintiff's counsel urged hardly required the formal motion practice defendant's attorney suggests since they were not substantive (*see Matter of Guarino v Allstate Ins. Co.*, 7 Misc 3d 1016[A], 2005 NY Slip Op 50631[U], *6 [Sup Ct, Kings County 2005]). Concur—Andrias, J.P., Friedman, Nardelli and Malone, JJ. [*See* 7 Misc 3d 1007(A), 2005 NY Slip Op 50478(U) (2005).]