them without merit. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.

■ EMMA ADAMS, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK HOUSING AUTHORITY, Appellant. [825 NYS2d 914]—Order, Supreme Court, Bronx County (Alan Saks, J.), entered September 2, 2005, which denied defendant Housing Authority's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff filed a note of issue in December 2004. Three months later, the court ordered plaintiff to serve within 30 days a supplemental bill of particulars with respect to notice of the defective condition at issue, extending the Housing Authority's time to move for summary judgment until 45 days after receipt of the supplemental bill. The Housing Authority neither moved for summary judgment within the allotted time nor offered good cause for failure to do so, nor requested clarification of the court's directive, which it now claims was unclear (*see Brill v City of New York*, 2 NY3d 648 [2004]). Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY VANDERHORST, Appellant. [827 NYS2d 678]—Judgment of resentence, Supreme Court, New York County (Budd G. Goodman, J.), rendered on or about March 17, 2004, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WRIGHT, Appellant. [825 NYS2d 915]—Order, Supreme Court, New York County (Ruth L. Sussman, J.), entered April 12, 2005, which adjudicated defendant a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant's challenge to the choice of risk factors made by the Legislature and the Board of Examiners of Sex Offenders is unavailing (*see People v Bligen*, 33 AD3d 489 [2006]; *People v Joe*, 26 AD3d 300 [2006], *lv denied* 7 NY3d 703 [2006]). Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.

■ A.C., Respondent, v D.R., Appellant. [829 NYS2d 37]—

Orders, Supreme Court, New York County (Joan B. Lobis, J.),

entered February 14 and April 28, 2006, which, to the extent appealed from as limited by the briefs, enjoined defendant from attending her child's medical appointments, directed the parties to submit proposals to resolve differences with respect to the child's extracurricular activities, enjoined defendant from taking the child to consult with an attorney regarding custody issues, enjoined the parties from discussing court proceedings or the current custody schedule with child, and denied defendant's request to appoint a law guardian, unanimously affirmed, without costs.

In this child custody dispute, defendant mother seeks additional modification of the trial court's June 20, 2003 ruling with respect to medical decision-making. The 2003 decision noted defendant's use of "alternative therapies," her refusal to vaccinate her child, and her opposition to fluoride treatments for her child's teeth. Although the 2003 decision is not before this Court for review, the February 2006 order reemphasized the court's concern that defendant continued to undermine plaintiff father's medical decision-making authority. It is clear that the trial court considered the best interests of the child (*see Finlay v Finlay*, 240 NY 429, 433 [1925]; Domestic Relations Law § 70 [a]) when it directed defendant to ensure compliance with all prescribed medicine and any other programs, as required by plaintiff and the medical providers.

Defendant objects to the injunctive sanctions imposed on her without a hearing. We note the February 2006 order allowed the parties to reexamine solely the area of decision-making with respect to extracurricular activities. The court was not required to hold a hearing in light of its already extensive experience with the case (*Tirschwell v Beiter*, 295 AD2d 266 [2002]; *Skidelsky v Skidelsky*, 279 AD2d 356 [2001]).

The trial court properly exercised its discretion in declining to appoint a law guardian for the child (*see Richard D. v Wendy P.*, 47 NY2d 943 [1979]; *Skidelsky*, 279 AD2d at 356). The February 2006 order specifically denied such appointment as there were no future proceedings before the court. This was proper.

It is clear, from the long and contentious history of this case, that the trial court acted reasonably to protect the child from direct involvement in the litigation by enjoining defendant from taking the child to a lawyer, and by enjoining the parties from initiating discussions about court proceedings and the current access schedule with the child. We have considered defendant's remaining arguments and find them meritless. Concur—Tom, J.P., Andrias, Marlow and Gonzalez, JJ.