Matter of Abel A. v Imanda M. (2018 NY Slip Op 09000)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Abel A. v Imanda M.

2018 NY Slip Op 09000

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Acosta, P.J., Gische, Mazzarelli, Webber, Oing, JJ.


7956

[*1]In re Abel A., Petitioner-Respondent,
vImanda M., Respondent-Appellant.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Andrew J. Baer, New York, for respondent.

Order, Family Court, Bronx County (Lisa S. Headley, J.), entered on or about February 1, 2018, which denied the mother's motion to vacate the order of custody dated January 9, 2018, that, after an inquest and upon her default, awarded the father custody of the children, unanimously reversed, on the law, without costs, the motion to vacate granted, and the matter remanded for further proceedings in Family Court in accordance with this decision.
The parties, Abel A. (father) and Imanda M. (mother), are the parents of the two subject children. In July 2017, after 17 months of the parties' separation, the father consented that the mother have sole custody of the children and the parties entered into a visitation agreement before the same court. Three months later, in October 2017, the father filed a petition for custody, alleging that the mother was interfering with his parenting time.
Upon the mother's failure to appear at an inquest on the father's petition for custody of the children, Family Court issued a custody determination. The mother moved to vacate that order, and the court denied it. We now reverse.
While the decision to grant or deny a motion to vacate a default rests in the sound discretion of the court, "default orders are disfavored in cases involving the custody or support of children, and thus the rules with respect to vacating default judgments are not to be applied as rigorously" (Matter of Dayon G. v Tina T., 163 AD3d 461, 462 [1st Dept 2018]; see Matter of Sims v Boykin, 130 AD3d 835, 835-836 [2d Dept 2015]; see also Matter of Melinda M. v Anthony J.H., 143 AD3d 617, 618 [1st Dept 2016]; compare Matter of Rodney W. v Josephine F., 126 AD3d 605 [1st Dept 2015], lv dismissed 25 NY3d 1187 [2015]).
Although the mother did not demonstrate a reasonable excuse for her default in the change of custody case, she had a meritorious defense. The children have resided primarily with her, and insufficient evidence was submitted to make an informed change of circumstances determination (see Family Ct Act § 467[b][ii]) that serves the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]; Matter of Dayon G., 163 AD3d at 462-463).
Also, the court failed to sua sponte appoint an attorney for the children, which, based upon the insufficient evidence it had to make an informed best interests determination, would have been advisable (see Richard D. v Wendy P., 47 NY2d 943, 944-945 [1979]; compare A.C. v D.R., 36 AD3d 465, 466 [1st Dept 2007]).
Under these circumstances, Family Court improvidently exercised its discretion in denying the mother's request to vacate the final custody order. Accordingly, we remit the matter to Family Court, Bronx County, for further proceedings on the father's petition for custody of the [*2]children (see Matter of Dayon G. at 463), and direct that an attorney for the children be appointed (see Richard D., 47 NY2d at 944-945)
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK